### ELIAS SIEBERT *vs.* CHARLES LEONARD & others.

#### April 13, 1875.

**What facts may be proved, without being pleaded.**—Any evidence bearing direct-
ly upon any issuable fact traversed by the pleadings is competent and admis-
sible, without being pleaded.

**A party's pleading in a former action, how far evidence against him.**—A pleading
made and verified by a party, in another action, is competent evidence against
him in any action to which he is a party, as far as the statements therein made
by him relate to any material and controverted fact in such latter action.

**Verdict sustained upon the evidence.**—Upon the testimony in this case, there is
not such a want of evidence as will warrant the court in disturbing the ver-
dict.

**Ambiguous Instruction, how to be construed.**—When an instruction given is sus-
ceptible of either of two meanings, one of which will support, and the other
invalidate, it, the former must be regarded as the sense in which it was given
and understood, especially if the attention of the court was not particularly
called to the alleged ambiguity.

**Refusal to give an instruction which assumes a fact in issue to have been proved.**
—A request calling upon the court, impliedly, to determine the existence of
any controverted fact, is improper, and a refusal to comply with it is not
error.

The complaint sets forth a sealed contract between the
parties, bearing date August 18, 1868, by which plaintiff
agreed " to do or cause to be done all the excavation and
masonry, including all brick and stone work, furnishing all
material for the same, except cut stone, for the erection and
completion of a three-story business house now about to be
erected on Minnesota street, between Third and Fourth
streets, in said city of St. Paul, for Messrs. J. A. & W. M.
Stees, and in accordance with plans, specifications and de-
tails of the same, with such changes as are mentioned in

such specifications; * * the entire work to be done and laid up on or before the fifteenth of October next.

"In consideration whereof, the said Leonard & Sheire agree to pay unto the said Elias Siebert the sum of two thousand eight hundred and twenty dollars, in manner as follows: $200 when the excavation is completed; $300 when the basement and area walls are completed; $500 when the first story walls are completed; $500 when the second story walls are completed; $500 when the coping roofing is on; and the balance when the contract is completed."

The complaint then alleges that no plans or specifications were ever shown to plaintiff, and that by reason of the defendants' failing to furnish the same, the contract, "so far as it required said work to be done according to such plans and specifications, was practically abandoned, and as to that portion thereof modified, in that the plaintiff was to perform such work in such manner as the defendants should direct, and according to their orders; that plaintiff began the erection of the building under the immediate direction and supervision of the defendants, and furnished all the materials required by the contract, which materials were all of good quality, and were accepted and approved of by defendants; that plaintiff proceeded with the work according to defendants' directions, as they insisted that he should do, notwithstanding he repeatedly warned them that the walls, if erected according to such directions, would be insecure; that solely in consequence of being built conformably to such directions, and not in consequence of any fault or negligence of plaintiff, or of any defect in materials, the building was so defectively, insecurely and unsafely constructed, that when nearly completed, it fell to the ground; that by reason of such falling, the plaintiff was prevented from completing the building, although when it fell it would have required the labor of the force then employed by him upon it but one day to finish the same, which labor would have been of the value of $100 only; that defendants have paid plaintiff $1,851.70, in part payment for materials furnished and work

done as aforesaid; that after the falling of the building plaintiff demanded payment of $868.30, (being the unpaid balance of the entire contract price, less $100,) no part of which has been paid. This complaint was held good, as against a general demurrer, in 17 Minn. 433.

The answer denies the allegations of the complaint as to the abandonment or modification of the sealed contract, denies that the materials furnished by plaintiff were of good quality, or were accepted or approved by defendants, denies that they ever in any way directed the plaintiff in what manner to construct the building, or that plaintiff ever warned them that the walls, if constructed according to their instructions, would be insecure, and alleges that defendants at all times insisted that plaintiff should proceed strictly according to his agreement, and the plans and specifications which he received.

The answer further alleges that the work done by plaintiff was not done in a workmanlike manner, or in accordance with the plans and specifications, that the materials furnished by him therefor were not of good quality, and that, solely in consequence of the poor quality of such work and materials, the building fell and became wholly useless, whereupon plaintiff abandoned and never completed his contract.

At the trial in the district court for Ramsey county, before *Wilkin*, J., the plaintiff, under objection and exception taken by defendants, introduced evidence tending to prove that the soil on which the building was attempted to be erected was in part quicksand, and in part miry, and that the foundation constructed under defendants' direction, and against plaintiff's warning, was wholly insufficient for such a building on such a soil. Plaintiff also introduced in evidence, under like objection and exception, the pleadings in a suit brought by the Messrs. Stees against the same defendants, to recover damages occasioned by defendants' failure to complete the building in question, in accordance with the contract between those parties. In the answer in that action, verified by two of the defendants in this, it is alleged in sub-

stance that the building was constructed throughout of the best materials, in a workmanlike manner, and in accordance with the plans and specifications, and that its fall was wholly owing to defects in the soil, and to neglect of the Messrs. Stees to drain the same. See *Stees* v. *Leonard*, 20 Minn. 494.

The jury found a verdict for plaintiff for $736.26; a new trial was refused, and defendants appealed.

*Morris Lamprey*, for appellants.

*H. H. Finley*, for respondent.

CORNELL, J.[1] This case has been in this court once before, on a demurrer to the complaint, at which time the character and sufficiency of the cause of action therein stated, and the issues tendered, were fully considered and determined. 17 Minn. 433. It was then held that the action was not brought *upon the contract* between the parties, either as originally made or subsequently modified, but was in the nature of an action upon a *quantum meruit* and *quantum valebant*, in which the plaintiff sought to recover the reasonable value of the labor performed and materials furnished by him, and that the contract was referred to for the purpose of determining such reasonable value, and of stating in full the origin of plaintiff's cause of action.

Under the issues raised by the pleadings, the modification of the original contract as alleged in the complaint, the directions and orders given by defendants to plaintiff as to the work to be done and the manner of doing it, its character and sufficiency, having reference to the peculiar condition and nature of the site whereon the building was to be erected, and whether its construction in accordance with such directions and orders caused its fall and prevented its completion, were all proper and material subjects of enquiry. Any testimony bearing directly upon either of these points was clearly pertinent, competent and admissible, without being pleaded. In fact, pleading mere evidence of traversable facts put in issue would be objectionable. Hence, the

[1] Gilfillan, C. J., having been of counsel, did not sit in this case.

evidence received by the court, under defendants' objection, relating to the "nature of the soil" or site of the building, the character of the work required for its security, as well as that actually done, and the cause of the fall of the incompleted structure, was properly admitted.

So the pleadings in the suit of Stees and another against the same defendants, verified as they were by two of the defendants, were properly received in evidence, as their admissions of the truth of such statements therein contained as related to material and controverted facts in this suit.

As to the point made by defendants upon the alleged insufficiency of the evidence to support the verdict, it is sufficient to say that there is not such a want of testimony on the part of plaintiff upon any material issue as would warrant this court in disturbing the verdict.

We have carefully examined the charge given by the district court to the jury, and find it to contain a very fair and clear presentation of the issues involved, and the law applicable to them, and we do not find that any of the rulings, upon the specific requests of either party, essentially modified the general charge in any respect, or was likely in any manner to confuse or mislead the jury in respect to their duties, as indicated by the general instructions. The court instructed the jury, among other things, in substance, that if they should find from the evidence that any of the defendants had wilfully sworn falsely upon any material fact, it would be their duty "to wholly disregard the evidence of such defendants upon all points when they were not corroborated by testimony." Defendants object to this, not on the ground that it is an incorrect statement of the rule of law, but because it assumes, as a fact, "that there are points where they are not corroborated by the testimony." When an instruction given is susceptible of either of two meanings, one of which will support, and the other invalidate, it, the former must be regarded as the sense in which it was given and understood, especially if the attention of the court was not particularly called to the alleged

ambiguity. Clearly, the most obvious meaning of the instruction in question was the announcement of a rule of law upon a given state of facts, and not an expression of opinion as to the existence of those facts in this case.

The sixth request of defendants rested partly upon the assumption that the evidence established, as a fact, that there had never been any modification of the original written agreement, the very point in issue before the jury, and which the court very properly declined to decide. As to the other points made by defendants' counsel in his printed brief, they are not deemed to be well taken. The order refusing to set aside the verdict, and denying a new trial, is affirmed