JOSEPH VOGEL *vs.* D. M. OSBORNE & Co.

June 9, 1884.

**Evidence—Admission in Answer Verified by Attorney.**—The original answer in this case was signed and verified by the attorney of the defendants. An amended answer was subsequently served, which denied a material fact which was admitted in the original pleading. No evidence was introduced to show that the admission in the original answer was made with the knowledge or by the direction of the defendants. *Held* that, under these facts, the original answer was improperly admitted in evidence against the defendants.

Plaintiff brought this action in the district court for Otter Tail county, to recover damages for a breach of warranty alleged to have been made by defendant (a corporation) upon a sale of a binder. The action was tried before *Collins,* J., and a jury, and plaintiff had a verdict. Defendant appeals from an order refusing a new trial.

*Jackson & Pond,* for appellant.

*J. W. Mason,* for respondent.

MITCHELL, J.[1] Under the pleadings on which this action was tried, one of the material issues was whether defendants had sold to plaintiff a certain harvester and binder. The original answer, signed and verified by one of defendants' attorneys of record, admitted this fact. An amended answer was subsequently interposed, which put the fact in issue. On the trial the court, against defendants' objection and

---

[1] Dickinson, J., because of illness, took no part in this decision.

exception, admitted the original answer in evidence as an admission by them. No evidence was introduced to show that this admission was inserted in the original pleading with the knowledge, or by the direction of, the defendants. Was this evidence properly admitted? is the most important question raised on this appeal.

Of course it is elementary that an amended pleading entirely supersedes the original, which ceases to be a part of the record. The original has no longer any existence as a *pleading;* but this is not the question here. Although superseded as a pleading, may it still be introduced in *evidence* as an admission against the party who interposed it? If it was signed or verified by the party, or if it otherwise affirmatively appears that the facts stated therein were inserted with his knowledge or by his direction, we can see no reason why it is not as competent as any other admission made by him, although it has ceased to be a pleading in the case,—not, of course, conclusive, but subject to explanation. To introduce such evidence when a party has thus changed front is a common practice, and we have no doubt a correct one. And even when the pleading is signed or verified only by the attorney, if the party stands by it by allowing it to remain the pleading in the case, so that it contains a solemn admission of record, it would perhaps be presumed that its allegations of fact were inserted by his authority, and hence admissible against him in other actions. The weight of authority seems to go that far. *Gordon* v. *Parmelee*, 2 Allen, 212; *Bliss* v. *Nichols*, 12 Allen, 443; *Brown* v. *Jewett*, 120 Mass. 215; *Ayres* v. *Hartford F. Ins. Co.*, 17 Iowa, 176; *Truby* v. *Seybert*, 12 Pa. St. 101. There is the greater reason for such a rule, under the present system, where technical forms are abolished, and pleadings are required to state the facts. There is no longer any reason for considering the allegations of a pleading as the mere suggestions of counsel. But where the party has substituted an amended pleading, thereby impliedly saying that the original was interposed under a mistake as to the facts, we think it would be going too far to admit in evidence against him the original, when not verified by him, or when it does not otherwise appear that its contents were inserted with his knowledge or sanction.

We are led to this conclusion largely from practical considerations.

The tendency of courts now is to limit the admissibility of evidence of admissions of agents against principals, and keep it within the strict limits of the rules as settled by the cases. Ewell's Evans on Agency, 223. It is a well-known fact that attorneys often have to interpose pleadings, in the absence of their clients, with only an imperfect knowledge of the facts. Their information is not always, or necessarily, derived from the parties themselves. A subsequent and fuller investigation shows that errors of fact have been committed which render amendment necessary. If, after a party has indicated himself dissatisfied with the original pleading by substituting a new one, he is to be confronted with the original, interposed by his attorney, as an admission by himself of the facts therein stated, without it being made to appear that he authorized or directed the insertion of these allegations of fact, it would often work unfairly, and, although he would have the right to explain, would, in effect, deprive him, to some extent, of the full benefit of his right to amend.

For these reasons we think the court erred in admitting the evidence. As this will render a new trial necessary, we need not here consider the numerous other exceptions taken by appellant, as they are mostly such as may not occur on another trial. We will simply remark that we think there was sufficient evidence to warrant a jury in finding that Earl & Hanson were agents of defendants to sell these Osborne machines, with authority, express or implied, to give either of the warranties set forth in the complaint, and with authority to employ canvassers to solicit orders and make sales, and that Kinney made this sale as canvasser for Earl & Hanson, and in behalf of defendants, and not for himself as principal.

But on another point we think there was no evidence to sustain the verdict. From the complaint it appears that the warranty of July was settled and adjusted by the warranty and agreement of December, and hence became unimportant, except as furnishing the inducement and consideration for the latter. Plaintiff's action is brought upon the express provision of the agreement of December 5th, to recover back the purchase-money which he had paid for the machine, and which defendants had agreed to refund in case the machine did not fulfil the warranty. Whether under this contract this was plain-

tiff's exclusive remedy we need not inquire.    It is sufficient to say that this is the one he has resorted to, and that the relief which he seeks is to recover back the $320 he claims to have paid as purchase-money. But when we turn to the evidence, we fail to find anything to show that he has paid defendants anything.    He simply gave them his notes, whether negotiable or not does not appear.    It does not appear that defendants have transferred them.    Plaintiff has never paid anything on them.    It is true that he cut grain for Kinney, the agent or canvasser who sold him the machine, for which services he was to have $120, and that, instead of paying this to plaintiff personally, Kinney was to pay it to defendants to apply on the purchase price of the machine.    But it nowhere appears, that we can discover, that Kinney has ever paid this to defendants, or that defendants ever authorized or ratified any such arrangement, and certainly it is not within the implied authority of a mere agent to sell to take pay for his principal's property in services rendered to him in his own individual affairs. In short, we can find nothing in the evidence tending to show that plaintiff has ever paid anything to defendants on account of this purchase.    Such a state of facts will not sustain this verdict.    True, plaintiff demanded a return of his notes, which defendants refused. But this will not justify a money judgment for the amount of the notes, which plaintiff has not paid, and which it does not appear that he will ever be compelled to pay.    As this point is not made in appellants' points and authorities, we would not reverse on this ground; but as it was suggested on the oral argument, and will probably be made on another trial, we deem it proper to here allude to it.

Order reversed.