### SAMUEL M. RICH *vs.* CITY OF MINNEAPOLIS.

### January 29, 1889.

**Municipal Corporations—Street Grading—Removal of Stone in Street.**
—Where the cause of action, as alleged in the complaint, was that certain parties, contractors, excavated and appropriated to their own use stone in one of the public streets of the city of Minneapolis belonging to the plaintiff, under a contract with the city for grading the street, made in pursuance of an order of the city council directing the execution of such contract, but it appeared on the trial that no contract was in fact executed by the city, *held*, that it was not liable in an action for damages for stone taken out from such street, and carried away by the alleged contractors.

**Evidence—Admission in Pleading in Another Suit.**—An admission by a party in his pleading in an action is evidence tending to prove the same fact in another suit between the same parties, but is not conclusive.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young*, J., presiding, refusing a new trial, the action having been dismissed when plaintiff rested his case.

*Merrick & Merrick*, for appellant.

*Seagrave Smith*, for respondent.

VANDERBURGH, J. The stone for which a recovery is sought in this action was excavated in one of the public streets of the city of Minneapolis by Rogers & Downs. Plaintiff claims that they were the agents of the city in doing the work in the prosecution of which the stone in question was taken out, and alleges in his complaint that, in pursuance of the proper order of the city council, the defendant executed a written contract with Rogers & Downs, "whereby it was agreed by and between the defendant and the said Rogers & Downs that they should grade to the full width, and to the established grade," the street as particularly described therein, under the direction and to the satisfaction of the city engineer; in consideration of which work the defendant city of Minneapolis "agreed to permit Rogers & Downs to quarry, take away, and sell or use as their own, all rock which may lie in said street, where the same is to be graded, between the centre line of said street and the front" of certain lots described in the contract. The complaint also shows that, in pursuance of the order of the council and the contract made in pursuance thereof, the stone was removed and appropriated. The answer denies the execution of the contract, and that defendant authorized the alleged contractors to commit the trespass or do the wrongful acts complained of. Assuming that the acts of Rogers & Downs under the alleged contract would bind the defendant and render it liable to plaintiff, as owner (or assignee of the owner) of the abutting lots, within the rule in *Rich* v. *City of Minneapolis*, 37 Minn. 423, (35 N. W. Rep. 2,) it evidently became necessary, under the pleadings, to prove the contract with Rogers & Downs, in order to show that the work was done by the authority of the city in grading the street as alleged. But this the plaintiff failed to do. The contract offered in evidence by him was executed by Rogers & Downs only, and did not bind the city. Their agency, and the liability of the city therefor, are not shown. The city engineer had no author-

ity to make the contract, and could not bind or estop the defendant by his request or direction to Rogers & Downs to go on and complete the work before the contract was duly executed by the city.

The plaintiff was not prejudiced by the ruling of the court rejecting the offer of the pleadings in the former suit between the same parties, for the purpose of showing an admission therein of the execution of the contract alleged in the complaint in this action. Such an admission may be received as evidence tending to prove a fact in issue, but is not, of course, conclusive. It would have no more force than mere oral admissions, which may be explained or contradicted. *Vogel* v. *Osborne*, 32 Minn. 167, (20 N. W. Rep. 129.) But in this case the rejection of the offered evidence was not error for which a new trial should be granted; for it is not questioned in this court, as it was not in the court below, that there was in fact no contract executed by the city with Rogers & Downs for the grading of the street in question.

Order affirmed.