W. H. Burns and another *vs.* Henry Maltby and others.

April 16, 1890.

43 161
f81 336

**Mechanic's Lien—Action by Material-Men on Contractor's Bond—Admission—Pleading in Former Suit.—**Several rulings of the trial court, whereby it excluded certain testimony from the jury, examined and considered. *Held*, that none of said rulings were erroneous.

Appeal by defendant William H. Ulmer (one of the sureties in the bond on which the action was brought) from an order of the district court for Ramsey county, refusing a new trial after trial before *Wilkin*, J., and verdict of $4,081.07 directed for plaintiffs.

*John D. O'Brien*, for appellant.

*Howard L. Smith*, for respondents.

COLLINS, J. Maltby, one of the defendants, entered into a contract with W. A. and C. W. Fitzer, to erect and complete for them a certain building. As permitted and authorized by the terms of the statute then in force, (Gen. St. 1878, *c.* 90, § 3,) Maltby, as principal, with one Gregg and the appellant, Ulmer, as sureties, entered into a bond with the said Fitzers for the use of all who might do work or furnish materials, conditioned that Maltby should pay all just claims for work done or to be done, and for all materials furnished or to be furnished, pursuant to the said contract, and in the execution of the work therein provided for. The plaintiffs are the material-men who furnished certain lumber used in the construction of the building. This action is upon the bond to recover a balance due on account of the materials. Instructed so to do by the court, the jury returned a verdict for the plaintiffs, and from an order refusing a new trial Ulmer appeals.

A few days after the execution of the bond, Maltby, in writing, authorized and requested the Fitzers to pay over to Gregg all moneys due or to become due to him upon his contract; and the appellant insists that in refusing to allow this writing to be put in evidence, as tending to sustain his contention that the materials in question were, in fact, sold by plaintiffs to Gregg, and not to Maltby, the

trial court erred. Conceding that the writing would have had the effect claimed for it, there is nothing in the settled case which indicates that plaintiffs were ever informed of the writing or the fact. It is true that Maltby testified that when he first applied to plaintiffs for the lumber he said to them that Gregg would handle the money. This was not disputed by the plaintiffs, but it falls far short of even an intimation that Maltby had irrevocably authorized and directed all payments to be made to Gregg. It is evident that unless the plaintiffs had some knowledge of the writing, or of the fact evidenced by it, the testimony was wholly inadmissible for the purpose indicated. In further support of the claim that the sale was to Gregg, appellant offered to prove that soon after the plaintiffs' refusal to sell the lumber to Maltby without further inquiry, Gregg went to see them, and thereafter the material was forthcoming, but the court declined to receive the testimony. This ruling was correct, for, if anything at all could have been inferred from the circumstances which appellant attempted to show, it might as well be that, through Gregg's intercession and representations, the plaintiffs yielded and gave the credit to Maltby, as that Gregg's visit confirmed their first impressions, and, as a consequence, the sale must have actually been made to him. Had the testimony been received, it would have had no significance or value whatever.

The appellant also urges that the court erred in declining to receive in evidence a reply in an action brought by the plaintiffs in this same court, against the Fitzers and others, for the value of the materials herein involved, and to have the said amount adjudged a lien upon the building, and on the lots on which it was erected. There are several reasons why the court was right in its views. The offer was as to the complaint in the other action, and not as to the reply. Although the counsel now claims that it was his intention to offer the reply—in which he asserts there were some admissions which would prevent the respondents from recovering herein—instead of the complaint, and that no one was misled by his mistake, he must be bound by the offer as made. It cannot be assumed that he committed an error in his offer, that no one has been prejudiced by it, and that his real purpose was well understood. Again, if, as

a fact, there were admissions in the pleading of the character speci-fied, and which were material in the action at bar, the record fails to disclose it. The pleading itself was not produced in the court below. It was not made to appear there, nor has it been shown here, that there was anything in it which affected or would preclude' a recovery upon the bond by plaintiffs. It did not and does not now appear that either of the plaintiffs signed or verified any of the pleadings in the action referred to, or have ever had any knowledge of the allegations therein, or that, from any cause, they became so far bound by any of their pleadings as to raise the presumption that its allegations of fact were authorized by them. Under such circum-stances, there was no error in the ruling which excluded the plead-ing offered, or the one intended to be offered, in evidence. *Siebert* v. *Leonard,* 21 Minn. 442; *Vogel* v. *Osborne,* 32 Minn. 167, (20 N. W. Rep. 129.)

Order affirmed.