HERRICK and another Respondents, vs. TOWN OF GENEVA, Appellant.

*December 20, 1895 — January 7, 1896.*

*Highways: Abandonment.*

1. A portion of a territorial road was in form, though without legal authority, vacated by the town board, and a new road was laid out which accommodated the travel. Thereupon the owners fenced up the vacated portion, and cultivated it for twenty-seven years, during which time no use was made or attempted to be made of it, no claim was made that it was a highway, and no money was expended on it. *Held,* an entire abandonment of that portion of the highway as a route of travel, within the meaning of sec. 1294*a*, S. & B. Ann. Stats.

2. A country road more than half a mile in length, connecting two other highways, is itself a "highway," within the meaning of said sec. 1294*a*.

APPEAL from a judgment of the circuit court for Walworth county: FRANK M. FISH, Circuit Judge. *Affirmed.*

This is an action of trespass. The land in question is a strip four rods wide and about 210 rods in length, running across the farm of the plaintiff *Herrick* and his immediate neighbor, Ross. The officers of the defendant town claim that this strip of land is a highway, and in the spring of 1893 they entered upon the same and removed the fences,

whereupon this action was instituted.   The action was tried by the court, and the facts appearing without substantial dispute were as follows:

In the year 1846 a territorial road was laid from Burlington, in Racine county, to the village of Delavan, in Walworth county, pursuant to the act of the territorial legislature of 1846, found on page 92 of the laws of that year.   It appears by the testimony that in laying this road the commissioners used existing highways where practicable, but that across the lands of the plaintiff and Ross they laid an entirely new highway, which is the strip in question.   This road was opened, damages awarded and paid, and used continuously by the public as a highway until the year 1864, when the town board of the defendant town, upon petition, made an order vacating the same across the lands of plaintiff and Ross, and laying out two new pieces of road partially upon plaintiff's land, one of which, in connection with the unvacated portions of the old territorial road, made a complete highway from Delavan to Burlington, slightly longer than the one previously existing.   *Herrick* and Ross immediately fenced up the strip across their lands, and cultivated the same, and it remained so fenced for twenty-seven years. During this time it was not used or attempted to be used as a highway by the town, or by the public, or by any traveler, and no highway taxes were expended nor labor done thereon.   In the spring of 1891 the fences were removed by order of the town board, against the objection of the plaintiff and Ross; and the strip was traveled for two years, and road work was done thereon.   In the spring of 1893, *Herrick* and Ross rebuilt their fences, and the town authorities again removed them, whereupon this action was brought.

The circuit court found the facts substantially as above stated, and, as a conclusion of law therefrom, that the *locus*

*in quo* had been abandoned as a highway. From judgment in favor of the plaintiff the defendant has appealed.

*John B. Simmons*, attorney, and *T. M. Kearney*, of counsel, for the appellant.

For the respondents there was a brief by *J. F. Lyon & Son*, attorneys, and *D. B. Barnes*, of counsel, and oral argument by *Mr. J. F. Lyon* and *Mr. Barnes*.

WINSLOW, J. It is admitted that the town board could not legally discontinue a territorial road. R. S. 1858, ch. 19, sec. 90. Therefore, the sole question is whether the portion of highway in question has been abandoned under the provisions of ch. 253, Laws of 1882 (S. & B. Ann. Stats. sec. 1294*a*). This section provides as follows:

" Any highway in this state which shall have been or may hereafter be entirely abandoned as a route of travel, and on which no highway tax has been expended for five years, shall be considered legally discontinued, and the land of said highway shall revert to the owners of the land through which the same passed."

Doubtless, this section was intended to have some effect. It was unquestionably supposed that there would be cases to which it might apply with justice, and put at rest long dormant claims of the public to highways which had become practically useless; but, if it should be held not to apply to the present case, we can hardly conceive of any case to which it could ever apply. Here is a case where a country road, more than half a mile in length, is in form vacated by the town authorities, and another highway laid out, which accommodates the travel. It is true that the town board had no power to vacate it, but this fact makes no difference with the significance of their action as bearing on the subject of abandonment. It is just as effective an indication that the authorities in charge of the highways of the town have de-

termined that this way is of no further use. Following this declaration by the town authorities, the property owners fence up the road, and cultivate it for twenty-seven years. During this time no traveler uses it or attempts to use it; no claim is made by the town, by the public, or by any passenger that it is a highway; no work is done on it; no money expended on it. Do not these facts constitute an entire abandonment as a route of travel? It seems to us quite certain that they do. Certainly, the town authorities, by their formal vacation, announced the voluntary abandonment of it by the town; by their silence and failure to work or spend money upon it, they reiterated the abandonment year by year; and the public acquiesced without objection for twenty-seven years, nine years of which time being after the passage of ch. 253 aforesaid. It must be held to have been entirely abandoned.

It is argued that an "entire highway" must be abandoned; that is, the entire Delavan and Burlington road. We cannot subscribe to this doctrine. Such a holding would practically nullify the statute. It was said in *Maire v. Kruse*, 85 Wis. 302, that the statute does not mean any part of a highway, however small, but that it must mean at least enough of any public road or thoroughfare to be called in ordinary parlance a "highway." Perhaps no more exact definition than this can be laid down in advance. Certainly, we think a country road more than half a mile in length, connecting two other highways, may itself properly be called a "highway," within the meaning of this statute.

*By the Court.*— Judgment affirmed.

The discontinuance or vacation of highways by the acts of public authorities is the subject of an extensive note to *Moffitt v. Brainard* (Iowa) in 26 L. R. A. 821.— Rep.