HARRY F. STEARNS v. PAUL KENNEDY.[1]

April 28, 1905.

Nos. 14,273—(74).

**Vendor and Purchaser.**

The vendee in a contract to convey real estate, who has paid a part of the purchase price and entered into possession thereof, is the equitable owner of the land.

**Fraud—Remedy of Vendee.**

Such a vendee, who has been induced to enter into a contract for the purchase of real estate by the fraudulent representations of the vendor as to the quantity of the land, may, on discovering the fraud, elect to stand by his purchase and sue for the damages he has sustained, although he is not then entitled to a deed of the land, and has not paid the whole of the purchase price.

[1] Reported in 103 N. W. 212.

**False Representations as to Acreage.**

> False representations of a vendor as to the quantity of a tract of land
> he offers for sale are not mere matters of opinion, but are material, and
> he cannot avoid their consequences merely because the vendee might have
> ascertained their falsity by a survey of the land or by reference to official
> plats and records.

Action in the district court for Wright county to recover from defendant $1,251 and interest for deceit in the sale of land to plaintiff. The case was tried before Giddings, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*W. H. Cutting* and *Henry Spindler,* for appellant.

*James C. Tarbox,* for respondent.

STAART, C. J.

. Action for deceit. The material allegations of the complaint are these: The defendant on and prior to October 10, 1902, was the owner of the northwest quarter of section 7 in township 121, range 26, in the county of Wright, this state, and for the purpose of inducing the plaintiff to purchase it he falsely and knowingly represented to him that the quarter section contained one hundred sixty acres of land. The plaintiff, relying upon such representation, believing it to be true, and induced thereby, did on the day named enter into a written contract with the defendant for the purchase of the land. A copy of the contract is annexed to and made a part of the complaint. The plaintiff has performed the terms of the contract on his part. In and by this contract the defendant covenanted to convey the quarter section to the plaintiff upon his first paying to him therefor $6,800, to be paid $1,400 at the execution of the contract, $300 October 10, 1903, $500 March 1, 1905, and $200 annually thereafter on March 1 until the whole purchase price should be paid, with interest on all deferred payments at the rate of five and one half per cent. per annum. The plaintiff covenanted to so pay the purchase price and the taxes on the land, and was to have possession thereof; but it was further stipulated in the contract that, if the plaintiff failed to keep and perform the terms of the contract on his part, the defendant might, at his option, cancel it,

and terminate the plaintiff's interest in the land, by giving thirty days' notice of his intention so to do. The complaint further alleges that the representation as to the quantity of the land was untrue, in that the quarter section contained thirty acres less land than the defendant represented; that, if the representation had been true, the quarter section would have been worth $6,800, but in fact it was worth only $5,549, for the reason that it contained no more than one hundred thirty acres of land, to the damage of the plaintiff $1,251.

The answer admitted the making of the contract; denied that the defendant ever made any representation as to the quantity of land; also the allegations of the complaint as to the amount of land in the quarter section; (denied that the plaintiff had performed the terms of the contract on his part, and alleged that on October 10, 1903, there was due on the contract $300 and interest, which the plaintiff refused to pay, and the defendant served notice on him that if he did not pay the amount due in thirty days the defendant would declare the contract forfeited, and re-enter and take possession of the land, but that before the thirty days expired the plaintiff paid the amount due on the contract to October 10, 1903; and, further, that there was due the defendant on the contract a balance $5,100 and interest).

It appears from the record that the plaintiff paid $1,400 on the purchase of the land at the time of the execution of the contract, and the $300 due thereon October 10, 1903, and that at the commencement of this action the other instalments of the purchase price were not due. On the trial the part of the answer which we have inclosed in parenthesis was, on motion of the plaintiff, stricken out as immaterial. The jury returned a verdict for the plaintiff for the amount claimed, and the defendant appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial.

A solution of the vital questions raised by the defendant's assignments of error depends upon the correctness of two general claims made by the defendant. They are: First. The plaintiff cannot maintain an action. at law for the recovery of damages for the alleged fraud until he has received a deed of the land, nor, in any event, so long as the amount of the purchase price remaining unpaid exceeds the amount of the damages claimed. Second. The evidence is conclu-

sive that the plaintiff had no right to rely upon the alleged representations as to the quantity of the land and in fact he did not.

1. The rules of law applicable to the defendant's first claim are well settled. The vendee in a contract to convey real estate, who has paid a part of the purchase price of the land and entered into possession thereof, as in this case, is the equitable owner of the land, and has an interest therein which he may convey, which is descendible to his heir, and which, if not his homestead, may be subject to the lien of a judgment against him. Randall v. Constans, 33 Minn. 329, 23 N. W. 530; Keith v. Albrecht, 89 Minn. 247, 94 N. W. 677; Hook v. Northwest Thresher Co., 91 Minn. 482, 98 N. W. 463. A party who has been induced to enter into a contract for the purchase of land by the fraudulent representations of the vendor as to the quantity of the land or any other representation materially affecting its value, may, on discovering the fraud, rescind the contract, or elect to stand by his purchase, and sue for the damages he has sustained by the fraud. If he brings an action for damages, he thereby affirms the contract, and must perform it on his part. 2 Warvelle, Vend. §§ 934, 942; Krumm v. Beach, 96 N. Y. 398.

The defendant, however, claims that this rule applies only to cases where the vendee has obtained a deed for the land, or has so far performed the contract that he has the legal right to demand one. The only authority cited in support of this alleged exception to the rule is the case of Daniels v. Newton, 114 Mass. 530. The case cited was one for the breach of a written agreement for the purchase of land from the plaintiff by the defendant, and was brought before the expiration of the time within which the defendant agreed to buy, on the ground that the defendant's absolute declaration of his purpose not to fulfil his contract constituted a present breach thereof. It was held that the action could not be maintained until the expiration of the time within which the defendant had agreed to perform his part of the contract.

The distinction between such an action for damages for a breach of the contract and this action for damages for the deceit of the vendor in inducing the vendee to enter into a contract is obvious. In the case at bar the cause of action accrued as soon as the fraud was discovered. The vendee was entitled to the benefit of his bargain as it

was represented to be, and upon discovering that it was not he was entitled to maintain this action to recover damages for his loss. If the representations of the quantity of land had been true, then by his contract and the making of the first payment of $1,400 the vendee would have become the equitable owner of a farm containing one hundred sixty acres of land, with the right to secure the legal title thereto upon making payment of the balance of the purchase price in accordance with the contract. But if the representations were untrue, then he acquired by reason of his contract and payment such title and interest in a farm containing only one hundred thirty acres. It follows that he was damaged by the alleged fraud to the amount of the difference between the value of the farm if it had contained one hundred sixty acres and its actual value containing as it did only one hundred thirty acres, for his bargain was worth that much less by reason of the fraud. The plaintiff's right to maintain an action to recover this loss was as complete as it would have been if he had taken a deed for the land and given back a purchase-price mortgage to secure the deferred payments.

But it is claimed by the defendant that in neither case could an action be maintained without first paying the balance of the purchase price of the land. The case of Ranney v. Warren, 17 Hun, 111, is cited in support of the claim. The case is in point, but it seems to be unsupported by either reason or authority, and we cannot follow it. The payment of the balance of the purchase price of the land was not a condition precedent to the plaintiff's right to maintain an action for damages for the alleged fraud. It is true, as defendant suggests, that the plaintiff may never pay the balance of the purchase price, and the defendant may be compelled to take back the land; but this contingency does not affect the plaintiff's cause of action, which became complete when the contract was made, $1,400 on the purchase price paid, and the fraud discovered. Applebee v. Rumery, 28 Ill. 280; Weaver v. Shriver, 79 Md. 530, 30 Atl. 189.

Again, the plaintiff, by his contract, covenanted to pay the balance of the purchase price of the land, and all of it which became due before the commencement of the action was paid, and there is no suggestion in the pleadings or the evidence that he is not solvent; hence equitably, as well as legally, he has a right to prosecute this action. If

there are facts undisclosed by the record which would equitably entitle the defendant to have the amount of the plaintiff's damages, in case he recovered, applied upon the unpaid purchase price, the burden was upon the defendant to plead and prove them. We hold that the plaintiff was entitled to maintain this action although he had not obtained the legal title to the land, nor paid the whole of the purchase price thereof. It follows from this conclusion that the complaint states a cause of action, that the trial court did not err in refusing to direct a verdict for the defendant, and that the part of the defendant's answer stricken out stated no defense to the action, and was properly stricken out. It was not error for the court to receive the amended answer in evidence. It was verified, and properly received as an admission by the defendant of the facts therein stated. Vogel v. D. M. Osborn & Co., 32 Minn. 167, 20 N. W. 129; Rich v. City of Minneapolis, 40 Minn. 82, 41 N. W. 455.

2. The evidence does not sustain the claim of the defendant that the plaintiff did not rely upon the representations as to the quantity of land in the quarter section. On the contrary, the evidence shows that the plaintiff did rely upon such representations, and had a right to do so. Representations of a vendor as to the quantity of land in a tract which he offers for sale are not mere matters of opinion, but are material, and the vendee may rely upon them, unless, by the exercise of ordinary prudence, he may readily ascertain their falsity. The vendor, however, if his representations be false, cannot avoid their consequences merely because the vendee might have consulted the official records and plats, and had the tract surveyed, and thereby ascertained the quantity of land therein. Porter v. Fletcher, 25 Minn. 493; Olson v. Orton, 28 Minn. 36, 8 N. W. 878; Maxfield v. Schwartz, 45 Minn. 150, 47 N. W. 448; Redding v. Wright, 49 Minn. 322, 51 N. W. 1056.

The evidence relied upon by the defendant as showing that the plaintiff did not rely upon the alleged representations is to the effect that the corners of the quarter section were pointed out to him, and that he went from corner to corner around the land, and knew its boundaries. This did not afford him the means of readily ascertaining how many acres there were in the tract, for, although he knew the corners and boundaries thereof, he could only ascertain the number of acres therein

by a survey thereof, which he was not bound to make. The evidence is ample to sustain the finding of the jury to the effect that the representations were made that they were false to the knowledge of the defendant, and that the plaintiff had a right to and did rely upon them to his damage in the amount of the verdict.

The instructions of the court to the jury on the question of the plaintiff's reliance are assigned as error. They were not all strictly accurate, but the error was not prejudicial, for the reason the evidence shows, as a matter of law, that the defendant was not guilty of any want of prudence in relying upon the representations.

The defendant's other assignments of error have been considered, and we find no reversible error in the record.

Order affirmed.