HENRY C. BREES v. LOVEY J. ANDERSON AND ANOTHER.[1]

December 29, 1922.

No. 23,188.

**Seller's false statements to buyer in dry season about drainage of marshy land by public tile drain actionable fraud.**

Where a buyer examines a farm for himself, statements of the seller as to the quantity of land under cultivation and the quantity of marshy land, are usually regarded as expressions of opinion and as not of a character to constitute actionable fraud. But where the buyer makes his examination at a time of the year when the land is free from water, statements of the seller that a public tile drain extending through the marshy land is all right and a good outlet for the water, are of a character to constitute actionable fraud, if in fact the usual rains of spring and early summer flood a large area of marshy land for several weeks because the tile drain does not have sufficient fall nor sufficient capacity to carry off the water.

Action in the district court for Martin county to foreclose a mortgage. Defendants interposed a counterclaim for $21,000. The case was tried before Nelson, J., who when defendant rested granted plaintiff's motion to dismiss the counterclaim and granted his motion for judgment on the pleadings. From an order denying their motion for a new trial, defendants appealed. Reversed.

*Allen & Allen*, for appellants.

*Haycraft & McCune*, for respondent.

TAYLOR, C.

In 1919 and for some years prior thereto, defendants owned and occupied a farm of 97 acres a few miles from Estherville, Iowa. In the summer of 1919 plaintiff, a resident of Estherville, purchased a farm of 280 acres in Martin county, Minnesota. In September, 1919, plaintiff and defendants made a contract to exchange properties, and on January 2, 1920, carried out the contract by exchanging deeds. As a part of the transaction, defendants assumed a first

[1]Reported in 191 N. W. 266.

mortgage on the Martin county farm and gave plaintiff a second mortgage thereon for the sum of $7,000. In October. 1921, plaintiff brought this action to foreclose the second mortgage for failure to make the payments provided for therein. In their answer defendants admitted all the allegations of the complaint, and then, as a counterclaim, set forth a cause of action in deceit for false representations in respect to the farm. A jury was impaneled at the trial, but the court ruled that the evidence adduced failed to show any actionable misrepresentations and dismissed the counterclaim. Defendants appealed from an order denying a new trial.

The farm was comparatively level and lower than the land to the east, north and west. A swale or wet marsh extended across it through which a judicial tile ditch had been constructed several years before which discharged into an open ditch some three miles below the farm. Defendants went with plaintiff and examined the farm on two different occasions in September, 1919. They claim that during these examinations plaintiff stated that a cultivated field in the north part of the farm contained 90 acres; that another field in the south part contained 80 acres; that a pasture which included most of the wet land contained only 60 acres; that the tile drain extended upstream only to a grove on the adjoining farm less than half a mile, and that this tile drain was all right and furnished a good outlet for the water. Defendants testified that the cultivated fields contained only 130 acres and that the pasture contained at least 85 acres, and contend that plaintiff's statements concerning the area of these tracts constituted actionable fraud. They knew that plaintiff had owned the farm only two or three months and had never occupied it. They do not claim that the farm contained less land than represented, but that it contained less cultivated land and more wet land. They examined the farm for themselves twice, and admit that they had ample opportunity to make their examination as full and complete as they desired. On both these visits they met and talked with the former owner who had occupied the farm for many years and was still in possession, and had the opportunity to ask him for any information they wished. So far as appears they were as competent as plaintiff to estimate the acreage of the fields

and of the pasture, and there is no claim that the area of any of these tracts has ever been determined by actual measurement.

Misstatements as to quantity may constitute actionable fraud under some circumstances. Stearns v. Kennedy, 94 Minn. 439, 103 N. W. 212. Statements as to quantity, however, are usually regarded as expressions of opinion. This is especially true where the other party makes an examination for himself, unless the statements are based on facts difficult for him to ascertain and peculiarly within the knowledge of the one making them. 26 C. J. 1197. If defendants' claim of fraud rested solely on plaintiff's statements as to the respective areas of the fields and of the pasture, we should be constrained to hold that the case came within the doctrine of Citizens State Bank v. Moebeck, 143 Minn. 291, 173 N. W. 853, and Meland v. Youngberg, 124 Minn. 446, 145 N. W. 167, Ann. Cas. 1915B, 776, and that the charge of actionable fraud could not be sustained.

But the evidence is to the effect that the grade of the tile drain across the farm is so nearly level that the water flows off slowly; that the grade through the higher lands above the farm is so much steeper that during the usual rains of spring and summer the water from above is brought onto the farm much more rapidly than the drain will carry it off; that the drain extends upstream from the farm more than twice the distance stated by plaintiff and has several branches; that this part of the drain, including branches, is about three miles in length and furnishes drainage for a much larger area than was indicated by plaintiff, and that some 70 acres of the farm have been flooded for six weeks or more during every farming season since the ditch was constructed because the drain across and below the farm did not have sufficient fall nor sufficient capacity to carry off the water brought down from above. Defendants examined the farm during a dry period in September when none of the land was overflowed, and could hardly be expected to learn from observations then made that the drain, buried several feet below the surface, failed to furnish a sufficient outlet for the water during the spring rains. In our opinion the evidence made the question whether defendants had been misled to their prejudice by false rep-

resentations in respect to the drain a question of fact for the jury.
Order reversed.