## WILLIAM CARPENTER AND OTHERS v. TRI-STATE TELE-PHONE & TELEGRAPH COMPANY.[1]

December 10, 1926.

Nos. 25,442, 25,444.

**When unverified complaint is admissible.**

While plaintiff was riding in an automobile, at the invitation of the driver, it collided with a telephone pole. Plaintiff sued the driver charging him with the negligence causing the accident. He died before the case was tried. Plaintiff then sued the telephone company alleging that the accident was due to its negligence in failing to properly locate the pole. *Held*:

(1) The complaint in the prior action, though not verified and signed only by counsel, was admissible as impeachment of such plain-

[1]Reported in 211 N. W. 463.

tiff whose testimony supports the complaint in the second action.

(2) Such complaint is admissible as an admission against interest.

(3) Failure of plaintiff to know the contents of such pleading goes to the weight of the evidence but not to its admissibility.

Attorney and Client, 6 C. J. p. 568 n. 22.
Evidence, 22 C. J. p. 333 n. 22; p. 335 n. 38, 41; p. 336 n. 43.
Witnesses, 40 Cyc. p. 2745 n. 62, 65.

Defendant appealed from orders of the district court for Washington county, Stolberg, J., granting plaintiffs' motion for new trials. Reversed.

*A. A. Tenner*, for appellant.

*Reuben G. Thoreen*, for respondents.

WILSON, C. J.

On the night of October 7, 1924, in a heavy fog, Joseph Bernier, while driving an automobile from White Bear toward Hugo on Trunk Highway No. 1, collided with a telephone pole. At his invitation Agnes Carpenter, Louis D. Bernier and Mrs. Swenfurter were riding with him. Louis D. Bernier was killed and Mrs. Carpenter injured. October 18, 1924, three actions alleging negligence were begun against the driver, Joseph Bernier—one by Agnes Carpenter to recover for personal injuries; another by William Carpenter, her husband, to recover expenses incident to her injuries; and the other by Anna Bernier, as special administratrix, etc., to recover for the death of Louis D. Bernier. The complaints were not verified and were signed only by counsel. The actions were instituted by a brother of the Carpenters in the names of the three plaintiffs. It cannot be claimed that the attorneys were not authorized to institute the actions. In April, 1925, Joseph Bernier died. In October, 1925, the plaintiffs by different counsel began these actions which are predicated upon the claim that the proximate cause of the accident was defendant's negligence in failing to locate the pole so as not to interfere with the safety and convenience of ordinary travel.

Upon the trial plaintiff Agnes Carpenter testifying in support of her present claim, exonerated the driver in a way inconsistent with the allegations of the complaints in the three actions against him. Defendant offered in evidence as a part of the cross-examination of Mrs. Carpenter the complaint made in the prior suit prosecuted in her behalf. It was received over the objection as incompetent, irrelevant and immaterial and it not appearing to be verified and also not appearing that she consented to or authorized the statements therein made. Mr. Carpenter was a witness and his prior complaint was put in evidence over substantially the same objection. The plaintiff Bernier was not a witness but her prior complaint was received in evidence over the same objection. After the reception of this evidence, undisputed testimony was given to the effect that the two Carpenters had not personally talked with their attorneys before the first actions were begun and that they did not know the contents of their respective complaints.

This is an appeal from an order granting a new trial upon the theory that an error was made upon the trial by receiving in evidence the prior complaint of each plaintiff in the actions to recover from the driver. The cases were tried together. By stipulation and order they are presented and determined upon one record.

A verified pleading is admissible as an admission or for impeachment. Siebert v. Leonard, 21 Minn. 442; Vogel v. D. M. Osborne & Co. 32 Minn. 167, 20 N. W. 129. It may, when the party allows it to remain the pleading in the case, be received in evidence for such purposes even though it is not verified and is signed only by the attorney. Vogel v. D. M. Osborne & Co. supra. When a party has indicated himself dissatisfied with a pleading by substituting a new one, the original pleading, when not verified, can no longer be received in evidence until a foundation therefor is laid. This requires the party offering the evidence to show affirmatively that the pleader authorized or directed the insertion of the particular statement of fact. Vogel v. D. M. Osborne & Co. supra; Salo v. D. & I. R. Rd. Co. 121 Minn. 78, 140 N. W. 188. The reason for this is that the pleader has by such amendment impliedly said that

the original was interposed under a mistake as to the facts. These authorities do not sustain respondent's contention. In the absence of such repudiation it is presumed that the statements in a pleading, though not verified, are made with the approval of the party. As such they are admissible. They are not conclusive, but subject to explanation. As to the Carpenter cases much of the probative value of the pleading was probably destroyed by the explanation given which tended to show that they never knew the contents of the pleading. This went to the weight of the evidence and not to its admission. It rested with the jury to say whether there remained a residuum of probative force. Of course a pleading filed without authority is not admissible. When the objection goes to lack of authority to make the pleading, a question of fact is presented which the trial court must then determine. The burden then is upon the one making the objection to overcome the presumption. But when the relation of attorney and client exists the pleading is to be received in evidence. Counsel is not only the representative of his client but he is an officer of the court. The pleading in question being an authorized one, it comes within the rule of the Vogel case. We know of no case in this state requiring the party offering the pleading in evidence to show affirmatively that the pleader authorized or directed the insertion of the particular statement except where the pleading has been amended. The language of the court in Burns v. Maltby, 43 Minn. 161, 45 N. W. 3, must be regarded as used inadvertently since the authorities cited do not sustain the statement made. To so hold would practically result in excluding all unverified pleadings.

The pleading in the Agnes Carpenter case was properly received for impeachment purposes and all the complaints in their respective cases were properly received as containing an admission against interest. Rich v. City of Minneapolis, 40 Minn. 82, 41 N. W. 455.

Reversed.