**BYRUM, et, Plaintiffs-Appellees, v RED STAR TRANSIT CO., Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20820.   Decided March 8, 1948.

A. H. Dudnik, Conners & Clarke, Cleveland, for plaintiffs-appellees.

John H. McNeal, Harley J. McNeal, Burgess, Fulton & Fullmer, Cleveland, for defendant-appellant.

## OPINION

By SKEEL, J.

This appeal comes to this court on questions of law from a judgment for the plaintiffs entered· in the trial court. The case involved a collision between Byrum's automobile and defendant's truck at the intersection of routes 21 and 18.

Ike S. Byrum, a man between 74 and 75 years of age, was driving his automobile north on route 21 sometime between four and five o'clock p. m. on February 1, 1945, and at said time had come to the intersection of route 21 with route 18. This intersection is controlled by a traffic signal light. As he approached the intersection, the signal light was red or stop for north and south bound traffic on route 21 and green or go for east and west bound traffic on route 18. He testified that he thereupon brought his automobile to a stop and looked in both directions on route 18 to observe traffic. He testified further that he observed the defendant's truck some distance to the west, being driven in an easterly direction toward the intersection. The last time he observed the truck was just before he started forward when he estimated its distance from the intersection to be about 450 to 500 feet; his testimony being in part as follows:

"When I first stopped at the intersection, I looked both ways; I saw nothing coming this way and down there was the tractor, way down there, and I looked ᵥback at the light and watched the light, because if the light turned green or changed, then I had a right to go ahead, but before I went ahead, when it flashed caution the other way east and west, then I went into gear, released my clutch and started, at that time looking straight ahead * * *"

Court: "About how far?" (referring to distance truck was to West)

Witness: "I didn't pay any attention because I looked back at the light to watch it."

Court: "That doesn't tell me anything. Do you have any opinion how far it was?"

Witness: "I could just say I remember seeing it, nothing this way and then I looked back to the light, and saw it flash and I looked down and saw it 450 feet and started on. That is the best I can do, Your Honor."

As he proceeded into the intersection he suddenly saw the truck over his left shoulder, swerved and then the collision occurred.

The defendant had three fact witnesses; the driver of the truck involved in the collision, another truck driver of the defendant who was following the truck that collided with the plaintiff, and a pedestrian who was walking toward the intersection. The truck drivers both testified the light was green for east and west bound traffic on route 18 when the first truck entered the intersection at a speed of about 25 M. P. H. These witnesses also testified that the plaintiff was approaching from the south and did not stop but that his automobile seemed momentarily to hesitate and then came on at about 40 M. P. H. thereby causing the collision. The pedestrian testified that as he was walking toward the intersection, he heard the crash, looked up and observed that at that time the light was green for route 18. He was at the time walking west on Route 18, about 150 feet from the intersection.

After the plaintiff's petition had been filed, the defendant filed an answer verified by Charles J. Smith, one of the lawyers in charge of the case. The authority for such a verification on behalf of a corporation is provided for by §11357 GC. This answer contained an allegation admitting that the signal light at the intersection of routes 21 and 18 at the time of the collision was not operating, the plaintiff having alleged that to be the fact in his petition.

When the case was called for trial, counsel who then had the defendant's case in charge by stipulation with the plaintiff and with the consent of the court agreed to the following entry:

"That the Red Star Transit Company be given leave instanter to file an amended answer and amended cross-peti-

tion filed previously by the Red Star Transit Company be stricken from the record."

By its amended answer, the defendant directly alleges that the traffic light was "functioning and in operation". Upon trial the court permitted the plaintiff to introduce into the evidence the first answer and cross-petition of the defendant as part of the plaintiff's rebuttal evidence to which the defendant objected. The plaintiff offered such answer and cross-petition, without offering any evidence tending to show that such answer containing the statement that the defendant admitted that the traffic light was not in operation or functioning at the time of the collision as alleged by the plaintiff, was authorized by the defendant, or that the defendant had knowledge that such admission was contained therein and consented thereto. In this connection, it must be remembered that the said answer was verified by the lawyers for the defendant then having the case in charge and not by an officer of the defendant corporation.

The defendant claims that the Court committed prejudicial error:

1st. In overruling defendant's motion for judgment at the conclusion of the plaintiff's case and also at the conclusion of the entire case.

2nd. In overruling defendant's motion for new trial.

3rd. in that judgment is contrary to law.

4th. in that the judgment is against the manifest weight of the evidence.

5th. in that the total judgment for the plaintiffs is excessive.

6th. in receiving into evidence the defendant's original answer and cross-petition as rebuttal evidence on behalf of the plaintiff; the evidence of both plaintiffs and defendant being in agreement that such light was operating, there being no evidence controverting such fact.

7th. in receiving such answer and cross-petition into evidence without first introducing some evidence that the defendant authorized that admission that the traffic light was not operating or had knowledge that said admission was contained therein and consented thereto.

The record discloses that there is not a word of testimony from either side, that at the time of the collision the traffic light was not functioning, nor is there any evidence that any of the witnesses who testified for the defendant ever

informed the lawyers who verified the answer and cross-petition of the defendant corporation containing the said admission that it was not functioning at the time of or just before the collision. When an abandoned pleading which was verified by one of the lawyers having charge of such party's case, as provided by law, is offered into evidence upon rebuttal, it is error to permit the introduction of such pleading into evidence without first requiring the party offering such pleading to introduce evidence tending to establish that the allegations of such pleading depended upon as rebuttal were authorized by such party or that said party had knowledge that such allegations were contained therein and consented thereto.

The cases relied upon by the plaintiff appellee in conflict with the rule as thus stated have for the most part to do with pleadings verified by the party himself. There can be no question but that the great weight of authority is that an abandoned pleading verified by a party and not by his agent or attorney is always admissible in evidence against him. (9 A. L. R. 1402.) The rule applicable upon the undisputed facts in this case where the abandoned pleading of the defendant corporation was verified by the attorney of record without any evidence tending to show that such party either authorized the allegation contained in the pleading or had knowledge thereof and consented thereto is supported by the following authorities:

20 American Jurisprudence 537, last sentence of Paragraph 634:

"It seems, however, that a verification by the attorney of the party who files a pleading does not have the effect of a verification by the party himself in respect of the admissibility of statements in the pleading against him."

14 A. L. R. 35—

"* * * Verification, however, will not render a pleading admissible against the pleader when the oath is merely that of the attorney, or when it is specifically otherwise provided by statute."

In the case of Buchman v Smelker, 68 P. (2nd) 946, 16 Paragraph of the Syllabus the court says:

"Party offering abandoned or superseded pleadings signed by attorney only as evidence has burden to satisfactorily show that pleadings offered are those of party or that party approved them."

And on page 950 and 951 of the opinion we find the following:

"* * * The very best of lawyers sometimes omit from their pleadings essential facts, or misstate in some respect the facts constituting their client's cause of action, or include as facts things not essential or nonexistent, for which the client is in no way responsible. If the lawyer has misstated the facts and, after being so advised by his client, amends the complaint to state the true facts, should the mistake of his attorney be charged against him and go to the jury as his statement when it is not true? If so, the right of amendment would be of doubtful value. On this feature of the question we quote from Vogel v D. M. Osborne & Co., 32 Minn. 167, 20 N. W. 129, 130 as follows:

" 'It is a well-known fact that attorneys often have to interpose pleadings, in the absence of their clients, with only an imperfect knowledge of the fact. Their information is not always, or necessarily, derived from the parties themselves. A subsequent and fuller investigation shows that errors of fact have been committed which render amendment necessary. If, after a party has indicated himself dissatisfied with the original pleading by substituting a new one, he is to be confronted with the original, interposed by his attorney, as an admission by himself of the facts therein stated, without it being made to appear that he authorized or directed the insertion of these allegations of fact, it would often work unfairly, and although he would have the right to explain, would, in effect, deprive him, to some extent, of the full benefit of his right to amend.'

*   *   *   *   *

"The correct rule, we believe, should place the onus on the party offering as evidence abandoned or superseded pleadings signd by the attorney only to satisfactorily show that the pleadings offered are those of the party or that he approved them, rather than on the party against whom they are offered to show he was not personally responsible for such superseded pleadings.

"The onus is always on the party offering a writing of any kind to prove its authenticity. If it is a letter containing admissions against interest, the signature must be proved or, if it is not signed by the party, it must be shown that he authorized it or subsequently approved or ratified it. Abandoned pleadings as evidence, are in the same category as other admissions in writing. The burden is always on the person offering them to first establish their authenticity.

"It is an elementary rule of evidence, in order that evidence be competent, that it shall be relevant and material to the issues involved. Jones Commentaries on Evidence (2d Ed.) vol. 3, p. 1823, §993. That is true of superseded or abandoned pleadings. Everybody who saw the accident testified plaintiff was traveling north and defendant Barbara Smelker was traveling east. It was therefore obvious that the allegation in the complaint that the plaintiff was traveling south was a mistake and should have been corrected, as it was. No one could be misled or hurt thereby."

See also Corbett et al v Clough 65 N. W. 1024; Carpenter et al v Tri-state Telephone & Telegraph Co. 211 N. W. 463.

We conclude therefore, that the court committed prejudicial error in receiving the defendant's first answer and cross-petition into evidence over the objection of the defendant when offered by the plaintiff in rebuttal without first requiring the plaintiff to show that allegations therein were in fact authorized by the defendant.

The court in coming to its conclusions of fact gave considerable weight to the fact that the defendant in its first answer and cross-petition had pleaded that at the time of the collision the traffic light was not operating. The court said:

"Now, not giving to McCullough and Williford any too great consideration, along with the testimony of Cox, there would still, in the opinion of the Court at least, not be present a record in which one could say that the evidence of the plaintiff preponderated over the evidence of the defendant. The best you could say for him would be that it was somewhat balanced, and more properly you could say that the defendant had the weight of the evidence.

"Now comes, however, that proposition that the Court was not at times advised on, and that was of great importance, and perhaps, it is said sometimes, perhaps determinative. The original answer in this case, which was filed by a reputable, competent lawyer, that answer shows the lights were not working, which distinctly contradicts the testimony of both Mr. McCullough and Mr. Williford.

"Now, where did counsel get the information that caused them to put that statement in the pleadings? Certainly nobody would be willing to entertain the idea that counsel of that character just put it in because they thought it would be a good idea. They got it from the only person from whom they could get it, either McCullough or Williford, or both, the only

witnesses to the accident, or through some representative of the decedent who may have gotten it from these two individuals.

"If there was any explanation, the counsel are easily available, and that explanation could have been made, so that in my opinion it rather wipes out the testimony of McCullough and Williford. I don't think you can give it any weight whatever.

"In reference to the defendant's case, and the witness Cox—as to the witness Cox, either the original counsel thought his statement was false, or else it was not presented to them, one way or the other, so while the Court cannot—well, I want to comment on one other thing, although I don't know that it is of material importance.

     *       *       *       *       *

"* * * He feels that upon the evidence here, under the circumstances of this original statement in the pleading, that he is compelled to find, or does find, that the plaintiff here has produced a preponderance of the evidence, and that there is a liability against the defendant." (R. 251-242-253.)

The evidence of both parties supported the fact that the signal light was in operation and there was no direct evidence from either side that it was not in operation. It is hard to understand just why the allegations of the first answer and cross-petition admitting plaintiff's claim that the signal light was out of operation should destroy the weight to be given the testimony of its witnesses who said the light was in operation, there being nothing in the record to warrant the conclusion that defendant's lawyers were led to admit such fact upon information received from these witnesses as suggested by the court and that the weight to be given to the plaintiff's testimony should not be likewise destroyed when his petition, verified by him, upon which the case was tried, contains the direct allegation that the signal light was not burning and his own testimony does not support such allegation. In any event, the trial court concluded, as was indicated by the opinion, that were it not for the introduction of the defendant's answer and cross-petition he would have concluded that "* * * the defendant had the weight of the evidence."

We conclude from an examination of all the competent evidence that the judgment is manifestly against the weight of the evidence.

The defendant to maintain its claim for damages in the cross-petition offered the testimony of a witness to establish the earnings of the equipment as an element of the damages

248

sustained from the loss of use of the equipment, there being some evidence that there was no other equipment of the kind that could be substituted during the time required for repairs. The court sustained the plaintiff's objection to such testimony. In this the court committed prejudicial error.

In the case of **Cincinnati Traction Co. v Feldkamp,** 19 **Oh Ap 421** the court held:

"The value of the use of an automobile which has been damaged by the negligence of another is the expense of hiring the property which the owner is forced to substitute for it, providing it can be replaced. If there are no cars on the market for hire, the value of its use to the owner in his business at the time of the tort complained of is the basis for estimating damages, and the owner's books, showing the earnings of the car about the time of the tort, are competent evidence of probable earnings during the time used for repairs."

Finding no other prejudicial errors in the record, the judgment is reversed for error of law in the admission of evidence and for excluding evidence offered by the defendant to establish damage on its cross-petition and for the reason that the judgment is manifestly against the weight of the evidence, and the cause is remanded for further proceedings according to law. Exc. Order See Journal.

HURD, PJ, concurs.

MORGAN, J, concurs in the judgment for the reason that the judgment is manifestly against the weight of the evidence but does not concur in the majority holding that the court committed prejudicial error in admitting into evidence the defendant's abandoned answer and cross-petition.