## JONES v COOMBS

Ohio Appeals, 3rd Dist, Crawford Co

No 1352. Decided March 18, 1935

28

Edward J. Myers, Bucyrus, for plaintiff in error.

Charles Gallagher, Bucyrus, for defendant in error.

## OPINION

By GUERNSEY, J.

■ It is contended by the plaintiff that the charge on the subject of contributory negligence was erroneous for the reason that it was not pleaded and was not raised by the evidence. It is true that·contributory negligence was not pleaded but although it was not pleaded it was not erroneous for the court to charge upon the issue if it was raised by the evidence.

It will be noted from the plaintiff's own evidence that from the time the car proceeded from the cemetery to the place of collision, he had knowledge of the use by the defendant of the sheep pelt, robe and blanket of which he complains in the petition, and that for some time prior to the collision he had knowledge of the speed at which the defendant was driving the car and that she was driving the same upon the left hand side of the road and that he did not say anything to her either about the speed at which she was driving or as to her driving on the left side of the road.

In the case of **Toledo Railways & Light Company v Mayers, 93 Oh St 304,** approved and followed in the case of **Board of Commissioners of Logan County v Bicher, Admrx., 98 Oh St 432,** it was held that a guest in an automobile is required to exercise ordinary care for his own safety, and that it is the function of the jury to determine from the facts shown in. each case whether the injured party used such care and what care the circumstances required.

The plaintiff in the instant case testified that he observed the speed at which the defendant was driving and that he also observed the defendant was driving on the left side of the road for some time preceding the collision. and that he said nothing to her either as to the speed or as to her driving on the wrong side of the road. And from this testimony, as well as from other facts in evidence, an issue arose as to whether the plaintiff exercised ordinary care for his own safety in not calling the attention of the defendant to or protesting to the defendant against such excessive speed and wrongful driving, which issue of contributory negligence was submissible to the jury under the rule mentioned, and therefore there was no error in the submission of this issue to the jury.

■ (a) Plaintiff's objection to quotation "a" from the general charge, is that the defendant admitted in her testimony that the automobile skidded but as the plaintiff testified that the automobile did not skid, an issue of fact was raised by the evidence which was properly submitted to the jury.

(b) Plaintiff's only objection to quotation "6" from the general charge, which will be the only objection considered, is that this portion of the charge was erroneous because contributory negligence was not an issue in the case. We have already held that .contributory negligence was an issue, which disposes of this objection.

(c) Plaintiff's objections to quotation "c" from the general charge are:

1. That the court left it to the jury to determine whether plaintiff was a guest in defendant's automobile although the record established such relationship.

2. That this portion of the charge made contributory negligence an issue.

3. That the latter part of this portion of the charge reading "However, the plaintiff was responsible for his own negligence" amounted to an intimation by the court that the plaintiff was negligent.

With reference to the first contention, the court on the pleadings and evidence would have been warranted in charging as a matter of law that plaintiff was a guest of the defendant. It is therefore necessary to inquire as to whether the charge in the form it was given, was prejudicial to the plaintiff.

There was no dispute in the pleadings or in the evidence as to the fact that plaintiff was a guest of the defendant. A jury is presumably composed of persons of ordinary intelligence, and as persons of ordinary intelligence, it is difficult to see how they could be misled by an instruction permitting them to find as a fact, a fact conceded by the pleadings and in the evidence. Furthermore, the instruction referred to related to a matter collateral to the main issues

in the case, and the court correctly charged on the controlling issue of recovery, as follows:

"6. If you find the defendant was negligent in one or more of the ways set forth in plaintiff's petition, and if such negligence proximately caused the damages to plaintiff not contributed to by negligence on the part of plaintiff himself, then your verdict must be for the plaintiff."

It will be noted that recovery is not in any way premised on a finding that the plaintiff was the guest of the defendant, which cured the claimed error in the quoted portion of the charge. And on the whole record, we find that the claimed error was not in any event prejudicial to the plaintiff.

As contributory negligence was an issue, there is no basis for the second contention of plaintiff.

As to the third contention, the quoted portion of the charge must be read in connection with the whole charge and when read in connection with the whole charge it is clear that the statement that "However, the plaintiff was responsible for his own negligence" refers to the charge of the court on the issue of contributory negligence of the plaintiff, and is a correct statement of the law and in no way misleading to the jury.

The third assignment of error relates to the failure of the court to charge the provisions of §6310-17 GC.

In considering this assignment it is necessary to consider the allegations of the petition with reference to the negligence of the defendant, as it is a fundamental rule in a negligence case that a plaintiff can only recover for such negligence of the defendant as is specified in plaintiff's pleadings.

It will be noted from an inspection of the petition that it is nowhere alleged that the defendant was negligent in driving on the left side of the road, but that her driving on the left side of the road is alleged to have resulted by reason of her driving at a rate of speed of over fifty miles per hour, and of approaching darkness and of the damp condition of the limits of the highway. As the petition failed to allege negligence on the part of the defendant in driving on the left hand side of the road, the court was not required to charge the provisions of said section, and its failure to do so was not erroneous. Furthermore, if there had been any error in the failure of the court to charge the provisions of said section, such error would affect only the issue of negligence on the part of the defendant.

The issue of negligence on the part of the defendant and the issue of contributory negligence on the part of the plaintiff were submitted to the jury in the instant case, and no error attended the submission of the issue of contributory negligence, and no special interrogatories were submitted to the jury. Consequently under the so-called two-issue rule as defined in **Sites v Haverstick, 23 Oh St 626,** and held to apply to issues of negligence and contributory negligence, in **Knisely v Community Traction Company, 125 Oh St, 131,** the judgment in the instant case, being supported by the presumed finding by the jury that the plaintiff was guilty of contributory negligence, would have to be affirmed.

As, for the reasons above mentioned, we find no reversible error, the judgment of the Court of Common Pleas will be affirmed.

KLINGER, PJ, and CROW, J; concur.