Froug & Froug, Dayton, for plaintiff in error.

Jacobson & Durst, Dayton, for defendant in error.

## CUNDARI v BOOMERSHINE

Ohio Appeals, 2nd Dist, Montgomery Co

No 1339. Decided Feb 19, 1936

## OPINION

By BODEY, J.

This is an error proceeding from the Common Pleas Court. The parties occupy the same situations as below and reference will be made to them as they there appeared.

In his amended petition the plaintiff alleges in substance that on July 18, 1933 at about 6:30 P. M. he was a passenger in a truck then being operated by one Frank Tschirhart in a northerly direction on Delphos Avenue in the city of Dayton; that as said truck in which plaintiff was riding

was about three quarters of the distance across the intersection of Delphos Ave. and Hoover Ave., the automobile owned and being driven by the defendant east on Hoover Ave. crashed into and collided with said truck; that Delphos Ave., and Hoover Ave., are thoroughfares being in the closely built up portion of said city of Dayton; and that defendant was negligent in the operation of his automobile at the time and place in question in the three following particulars:

1. That the said defendant was operating his automobile at a rate of speed in excess of forty (40) miles per hour;
2. That defendant failed to apply the brakes to his motor vehicle when he saw the vehicle in which plaintiff was a passenger, in the intersection;
3. That defendant failed to have his automobile under control to avoid a collision, injuring plaintiff;.

The defendant filed an answer to this petition in which he admits the time of the happening of the collision and that plaintiff was a passenger in said truck but denies each and every other allegation contained in said petition.

On the issues thus made the case was submitted to a jury which returned a general verdict in favor of defendant. At the request of plaintiff two interrogatories were submitted to and answered by the jury. They are as follows:

1. Do you find that Jalappa Road (Hoover Avenue) is an inter-county Highway: Answer. No.
2. Do you find that Jalappa Road (Hoover Avenue) is a Main Market Road? Answer: Yes.

The following interrogatory was submitted to the jury at the request of defendant, to-wit:
"Was the defendant negligent? Answer: No."

A motion for new trial was filed and by the court overruled. The plaintiff here seeks to reverse that order of the trial court.

As grounds for reversal, the plaintiff alleges in his petition in error that the lower court erred in overruling the motion for new trial, that the court erred in its general charge, that the verdict is manifestly against the weight of the evidence, is not sustained by sufficient evidence and is contrary to law, that the court erred in refusing to give certain special charges requested by plaintiff, error in the rejection of

proffered evidence, error in the admission of evidence, and other errors manifest from the face of the record.

The bill of exceptions is in abbreviated form. It contains the testimony of the defendant on cross examination, and the entire testimony of Arthur F. Bentz and John Heier, defense witnesses, all of the testimony of Victor C. Smith, a witness for plaintiff, the charge of the court, the special requests for instructions, two exhibits and the deposition of Frank Tschirhart, the driver of the truck in which plaintiff was a passenger.

When the case was submitted to this court, the defendant filed a motion to strike the deposition from the partial bill of exceptions "for the reason that the same has not been properly made a part of the bill of exceptions but has been merely fastened to the end thereof after the certificate of the trial judge." No reference is made to this deposition at any place in the bill as filed. It does not appear that the deposition was or was not offered in evidence. If it was not for the fact that it purports to be the deposition of the driver of the car in which plaintiff was an occupant this court would be unable to identify it at all. Since the bill of exceptions contains no reference to this deposition we must conclude that it is not a proper part thereof and that the defendant's motion to strike should be sustained. A helpful discussion of the subject of attaching depositions and other papers to a bill of exceptions will be found in 2 O. J., 468-470, §§410 and 411.

Since the court can not give consideration to this deposition, the only testimony in the bill of exceptions which has reference to the collision of which plaintiff complains is that appearing in the cross examination of the defendant. This witness testified that he was driving his automobile at from twenty to twenty-five miles per hour, that he was on the right hand side of Hoover Avenue, that he applied his brakes immediately when he saw the truck in which plaintiff was riding, then swerved his car and stopped in the center of the intersection, and that the truck in which plaintiff was a passenger struck the side of defendant's car a little ahead of the rear wheel. It does not appear that the point of collision is in the closely built up portion of the city of Dayton.

It is thus seen that there is conflict in detail between the allegations of plaintiff's petition and the evidence found in this bill of exceptions. In his petition, plain-

tiff claimed that the truck was about three quarters of the distance across the intersection when the car of defendant ran into it while the only available testimony is to the effect that the defendant's automobile was standing in the intersection when the truck ran into it. The evidence, therefore, supports the verdict returned and the verdict is not against the weight of the evidence. Under the evidence before us on this review, it is difficult to see how the jury could have arrived at any other or different general verdict.

Plaintiff claimed that the truck which he occupied was entitled to the right of way by reason of the provisions of §6310-28a GC, while defendant contended that he had the right of way by reason of the fact that Hoover Avenue, on which he was traveling, was a Main Market Road and, therefore, a main thoroughfare under §§6310-30 and 6310-31 GC. In support of his contention, the defendant called as witnesses Authur F. Bentz and John Heier while the plaintiff called one Victor C. Smith in rebuttal of the proposition so urged. The witness, Bentz, testified that Jalappa Road, the former name of Hoover Avenue, was used by farmers "for the purpose of hauling their marketing products into town." Mr. Heier testified that this was a county road and was used by farmers for transporting their produce. Counsel for plaintiff objected to this line of testimony and saved exceptions to the court's adverse ruling on the objections. This evidence was improperly admitted. It was not the best evidence. The witness, Smith, testified that Jalappa Road was not an inter-county highway. This witness identified a map of Montgomery County which had been prepared by him as County Surveyor and which showed the various roads of the county. This map was admitted in evidence and is a part of the bill of exceptions. The court refused to give to the jury certain special instructions concerning the right of way as set forth in §6310-28a GC as requested by the plaintiff, and did give certain special requests of the defendant pertaining to the preferential right of way to a person travelling on a main thoroughfare. In its general charge the court instructed the jury at length upon the two right of way statutes. We quote a portion of the charge as found at page 44 of the bill of exceptions:

"That is, there are two ways here in which the right of way might be determined. It is a question of fact for you to determine which is applicable to this case—whether the defendant had it by virtue of travelling on an inter-county or main market road or whether the driver of the truck in which the plaintiff was riding had it, by virtue of driving on the right."

In passing upon the motion for new trial, the trial court, in its written opinion said: "We are of the opinion, however, that the court did err in charging the jury that it was a question of fact for them to determine whether or not Jalappa Road was a main market or inter-county highway upon the evidence offered upon that subject."

With this statement of the trial court we heartily agree. The trial court held, however, that such error was not prejudicial because the jury had found in answer to an interrogatory that the defendant was not negligent. We also agree with this conclusion.

Under the record before us, the trial court would have committed no error in not charging at all upon the right of way. We might not so hold, if we had the entire record exemplified. The theory of plaintiff's petition being that the truck was almost across the intersection and the testimony before us showing that defendant was stopped in the center of the intersection at the time of impact, the preference of the right of way could have but little application. In our opinion, the trial court committed error in the admission of evidence concerning the character of Hoover Avenue as a main market or inter-county highway and in charging that the defendant would have the right of way if the jury found that Hoover Avenue or Jalappa Road was a main market or inter-county highway. Yet, this could not have been prejudicial because the jury found specially that defendant was not negligent.

The plaintiff did not claim negligence of the defendant in his petition by reason of the failure of the defendant to yield the right of way. The petition did specify three allegations of negligence on the part of the defendant. Particular acts and conduct amounting to negligence having been set out in the petition, the plaintiff could not introduce evidence in support of other or different negligent acts. 29 O. Jur., 609, §134. Before the plaintiff was entitled to a verdict at the hands of this jury, he had the burden of proving either excessive speed on the part of the defendant, a failure

on the part of the defendant to apply his brakes or that the defendant failed to have his automobile under proper control. If the plaintiff failed on his proof of each of these specifications of negligence, then the verdict should have been in favor of the defendant. Upon these issues of negligence, the court charged the jury correctly. Since the plaintiff failed to establish negligence of the defendant, as appears from the answer to the interrogatory, it must follow that the plaintiff was not entitled to recover upon any theory of the case. The charge of the court upon the issues raised being correct and no negligence being proven, all errors appearing in other irrelevant portions of the charge must be held to be non-prejudicial to the plaintiff.

Basing our judgment entirely upon that part of the bill of exceptions which is before us, we hold that there is no prejudicial error in this record in any of the seven particulars set out in the petition in error. There being no prejudicial error apparent on this record, the judgment of the trial court will be affirmed. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.