## NOIE v JOHNSON

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3229. Decided May 28, 1940.

Benjamin F. Hughes, Columbus, for plaintiff-appellant.

John J. Chester, Columbus, and Leslie B. Keyser, Columbus, for defendant-appellee.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

Plaintiff's action was predicated upon claimed injuries and damage sustained in an automobile collision at street intersections. Said accident allegedly occurred on October 9, 1938, in the City of Lancaster, Ohio.

The sole and only ground of negligence set out in the petition is the following:

"which collision was brought about by the failure and negligence of defendant to keep his auto under control."

On the trial of the case to a jury and at the close of plaintiff's testimony, defendant interposed motion for a directed verdict, which said motion was sustained and the jury returned its verdict against the plaintiff and in favor of the defendant. Motion for new trial was duly filed, overruled and judgment entered on the verdict.

Notice of appeal was duly filed within the time prescribed under the code.

Plaintiff's claimed errors are set out under seven separately stated and numbered specifications, as follows:

"1. The verdict is contrary to the evidence.

2. It is against the weight of the evidence.

3. It is contrary to law.

4. The court erred in sustaining the motion for directed verdict in favor of defendant-appellee.

5. The court erred in refusing to allow plaintiff-appellant to introduce evidence to show that there were signs on Front Street in Lancaster, Ohio, designating Fair Avenue as the main thoroughfare for right-of-way.

6. The court erred in overruling the plaintiff-appellant's motion for leave to file a second amended petition after judgment.

7. There are other errors apparent on the record."

Counsel for appellant makes no attempt to follow the order in which the above assignments of error are stated. Many of the assignments, particularly 1, 2, 3, and 4 may be grouped. In effect the first four assignments of error raise the question as to the sufficiency of the evidence under the law.

The determination of this question required a full and careful reading of the record.

This we have endeavored to do.

According to the petition and the evidence, immediately prior to the collision plaintiff's automobile was being driven east on West Fair Avenue, Lancaster, Ohio, and defendant's auto, north on North Front Street, Lancaster, Ohio. The collision occurred at the southwest corner of said Front Street and Fair Avenue.

The position of the two moving automobiles at once suggests the question of who had the right-of-way.

Secs. 6310-28 and 6310-28a GC, answers the question.

The first section reads as follows:

"6310-28. 'Right of way' means the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another vehicle approaching from a different direction into its path."

The pertinent portion of §6310-28a reads as follows:

"Excepting where otherwise hereinafter provided the operator of a vehicle shall yield the right of way at the intersection of its path and the path of another vehicle approaching from the right."

The admitted fact being that the defendant's car was approaching from the right, it thereby had the right of way, provided it was proceeding in a lawful manner.

There was no allegation in the petition by which the exceptions "where otherwise hereinafter provided" under §6310-28a would change the right-of-way rule favoring the vehicle approaching from the right. Under this situation plaintiff was required to present evidence tending to show a justifiable excuse for not yielding the right-of-way to the defendant. Otherwise she would be guilty of contributory negligence as a matter of law. Plaintiff introduced no evidence at all to tend to excuse her entrance into the intersection ahead of defendant's car.

It was drawn out on cross-examination of plaintiff and her witnesses that the intersection was unobstructed and that there was a clear view in the direction from which defendant was approaching. Neither the plaintiff nor her husband saw the defendant's car until the collision took place. Consequently they could and did give no evidence supporting the allegation that the defendant's car was out of control.

One occupant of plaintiff's car testified that she must have seen the approaching car just before the collision, for the reason that she remembers screaming and that defendant's car was approaching fast.

Another witness for plaintiff, Ralph H. Gherkin, a resident of Lancaster, Ohio, was driving on one of these streets and approached the intersection shortly before the collision. He saw both cars approaching, and also saw them come together. He said that both were

driven at a moderate rate of speed, but too fast in an intersection. He was not inquired of, nor did he give any rate of speed. A question was put to this witness as to there being a stop sign on the street on which defendant was driving. Objection was interposed and sustained on the ground that the petition failed to make any claim of failure to observe stop signs. This ruling of the court is claimed to be prejudicially erroneous under appellant's fifth assignment of error. We will refer to it in more detail later.

Plaintiff and some of her witnesses in their testimony presented evidence as to statements made by the defendant several days after the accident when he called at the hospital and later at plaintiff's residence. These witnesses testified that defendant talked about a settlement. Of course, this evidence was improper, but was not objected to or ruled upon by the court. In addition, the witnesses testified that the defendant said he was the dirty dog that brought about the collision: that he did not see the stop sign.

We have now referred to all the evidence contained in the record which could in any way support plaintiff's allegation that defendant failed to have his car under control. The claimed statements of defendant would not have such an effect, although it might be evidence of a corroborative character, if there was anything to corroborate. The entire record presents a complete absence of evidence which either directly or by inference would support the claimed negligence set out in the petition.

It is our determination that the trial court was absolutely right in directing a verdict on the ground that no evidence had been presented supporting the alleged negligence.

It has been repeatedly held in this state that in negligence actions plaintiff must set out in his petition the particulars in which he claims the defendant was guilty of negligence, and in the trial of his case he is limited to such specifications and may not present evidence of other acts of negligence.

Our court so determined in the case of **Cunardi v Boomershine, 22 Abs 16.** As authority for our holding we refer to **O. Jur., Vol. 29, p. 605, §134.** On page 607 will be found the text with reference to note 8 thereunder. In the note reference is made to several decisions of the Supreme Court of Ohio, all supporting the text.

Again, in the case of **Rummel v Co-op Cabs, Inc., 30 Abs 615,** the principle is very positively announced that where a plaintiff has failed to establish an essential element of his case, the duty rests upon the court to take the cause from the jury.

Another case directly holding that plaintiff in a negligence action can only recover on the negligence charged, is that of **Jones v Coombs, 19 Abs 27.**

Under the fifth specification of the assignments of error, complaint is made that the court erred in refusing to permit plaintiff to introduce evidence showing that there were stop signs on the street on which defendant's automobile was moving.

This claimed ground of error is not well taken, for two reasons:

First, not having alleged in the petition as a specification of negligence a claimed failure to observe a stop sign, no evidence could be introduced relative thereto, unless within itself or in connection with any other testimony which would tend to support the allegation of the petition that defendant failed to have his automobile under control. This inquiry was made of the second witness called. We set out in full this evidence as taken from the record:

"Q. After the accident. Was there a stop sign anywhere there?

MR. CHESTER: I object.

MR. HUGHES: I think he should state what he saw.

THE COURT: There is nothing alleged along that line, Mr. Hughes.

MR. HUGHES: I know; we didn't have anything in the petition to that effect, but he is describing—

THE COURT: Your only allegation of negligence is that the defendant failed to keep his auto under control. There is no allegation of the failure to observe any stop sign. You haven't pleaded that.

MR. HUGHES: They can take care of that on cross-examination.

THE COURT: Any negligence you depend upon has to be pleaded and stated in your petition; and if you had other grounds of negligence, you should have pleaded them.

MR. HUGHES: Well, we will stand on our petition."

It is our conclusion that the trial court was correct in his refusal to permit testimony as to a stop sign.

Another well grounded reason why the ruling would not constitute prejudictial error is the fact that following the ruling, counsel for plaintiff did not make offer to prove. This alone would be a complete answer to any claimed error.

Under specification 6 of the assignments of error counsel for appellant complains that the court ▬▬▬▬▬ was in error in not permitting him to file a second amended petition after judgment. We think very little need be said on this claim. The motion on its face states that the amendment was asked in order to conform to the evidence.

The proffered second amended petion is not presented and we do not know what it contained, save what we may infer from certain statements in plaintiff's brief. These statements would indicate that plaintiff was desiring to amend petition so as to set out the necessary allegations presenting the claim that the street on which plaintiff was driving had preferential rights over the street upon which defendant was driving, and hence the rule of yielding to traffic approaching from the right would not be applicable.

If such was the language in the amended petition, the court was right in overruling plaintiff's application to file a second amended petition for several reasons:

If this amended petition contained the allegations as indicated through appellant's brief, we could search the record in vain to find any evidence supporting the new allegation of negligence. The mere reference to the stop sign, even if the original petition had contained the allegation, would not be sufficient evidence to support the issue. It would be essential to introduce evidence that the other street had preferential rights, and, or, that stop sign was legally installed.

Another reason why the trial court would not permit the filing of the amended petition was that the application was made two days after the trial court had directed a verdict and the jury had been discharged. Plaintiff should and does have our sympathy if her right to recover was lost by reason of the failure to adequately present the real issue of negligence.

The judgment of the trial court will be affirmed, and costs adjudged against appellant.

Entry may be drawn accordingly.

HORNBECK, PJ. & GEIGER, J., concur.

## APPLICATION FOR REHEARING

No. 3229.  Decided June 11, 1940.

BY THE COURT:

The above entitled cause is now being determined on plaintiff-appellant's application for rehearing.

We find nothing new in the application. Each and every contention made was considered and commented upon in the original opinion.

We find no reason to modify or change our position.

The application for rehearing will be overruled.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.