FITZGERALD, Plaintiff, v CLEVELAND (City), Defendant.
LUCAS, Plaintiff, v. CLEVELAND (City), Defendant.

Common Pleas, Cuyahoga County

Nos. 525,246 and 525,247. Decided March 31, 1944.

**OPINION**

By McNAMEE, J.:

Plaintiffs were passengers in the motor bus of the defendant company which was being operated in an easterly direction on Prospect Avenue. It is the claim of plaintiffs that as the bus approached the intersection of Fourteenth

Street with Prospect Avenue, the bus driver negligently caused said bus to give a sudden, violent and unusual jerk causing the plaintiff and others to be thrown to the floor resulting in the injuries to plaintiffs for which they claim damages. The specific allegations of negligence as they appear in the petition of plaintiffs are:

1. In that the said employee caused said bus to jerk without warning and in a sudden, violent and unusual manner.

2. In that the said employee failed to warn this plaintiff and the other passengers on said bus that said bus was about to be jerked in a sudden, violent, and unusual manner.

3. In that said employee failed to have said bus under proper control.

The evidence adduced on behalf of plaintiffs tended to establish that the bus, while being operated at a speed of between 35 and 40 miles per hour, suddenly swerved to the left and stopped with a violent and unusual jerk. One of the witnesses for plaintiffs testified that she saw an automobile entering Prospect Avenue from Bolivar Road, which is immediately west of East 14th Street and intersects Prospect Avenue at an acute angle, and that the bus collided with the automobile. The bus driver was the only witness who testified for the defendant, and he stated that the bus was being operated at a normal rate of speed and as it approached the intersection of Prospect Avenue and Bolivar Road an automobile, failing to make the boulevard stop at that point, came into the pathway of the bus, and in order to avoid a collision he was required to swerve to the left and stop his bus. According to the bus driver there was no collision. It was conceded by the defendant, however, that there was a sudden and unusual stop, but defendant asserts that this was made necessary by reason of the emergency created by the automobile coming into the pathway of the bus.

At the conclusion of all the testimony the Court granted defendant's motion for a directed verdict on the authority of the **Cleveland Railway Company v Osborn, 66 Oh St. page 45,** and **Orwig v Cleveland Railway, 124 Oh St 134.** In addition to the foregoing case defendant in its brief filed in opposition to plaintiffs' motion for a new trial, also relies upon the case of **Canton Motor Coach Inc. v Hall, 46 Oh Ap 516.**

Paragraphs 1 and 2 of the syllabus of the Osborn case, supra, read:

"1. In an action to recover for personal injury occasioned by negligence of the defendant, the plaintiff cannot recover by merely proving an act of the defendant which was the proximate cause of the injury; but to authorize a recovery, the plaintiff must also show that such act resulted from culpable negligence by the defendant.

"2. Where a passenger on a street railway car was thrown from the car and injured by the sudden stopping of the car in the effort to avoid a collision, and by the shock of a collision which was not brought about by the negligence of the defendant, it is damnum absque injuria."

In Orwig v The Cleveland Railway Company, the Supreme Court held that under the facts presented in that case the principle announced in the Osborn case was applicable. In the per curiam opinion of the Supreme Court in the Orwig case the following statement appears:

"**This was the only** evidence which counsel for plaintiffs rely on as proof of their claim that a justifiable inference arose that, because of the speed and swerving of the bus, the conduct of its driver was the negligent and proximate cause of the accident. However, when the testimony of the defense was offered, the manner and cause of the accident was explained and explained by testimony that was not disputed." Page 136.

Again on pages 137-138 of the opinion the court says:

"It is apparent from the undisputed facts that the collision would not have occurred but for the locking of the steering wheel of the car causing its driver to so lose control over it that it careened to the wrong side of the highway. This and not the conduct of the bus driver was the proximate cause of the accident. It is evident from the record that in the sudden emergency which confronted him the bus driver did what he could to avoid the collision as he was in duty bound to do."

"**In the situation here** presented the cases are determined upon the principle announced in **Cleveland Railway v Osborn, 66 Oh St 45.**"

Likewise in Canton Motor Coach v Hall, supra, the court of appeals cited and relied upon the principles announced in the Osborn case, and although the court in its opinion in the last cited case makes the statement that the court below erred in overruling motions of the defendants for a directed verdict, it reversed and remanded the cause because of prejudicial error of the trial court in its charge to the jury. The following statement of the Court of Appeals in the Hall case is of significance:

"In the case at bar so far as the testimony of the plaintiff is concerned she proved that she was a passenger in a bus operated by the defendant pursuant to defendant's business as a common carrier of passengers for hire. She also proved that a collision occurred to the bus in which she was riding and claims that as a result of the shock of the collision she received certain injuries. Apparently relying upon the duty of a carrier to exercise the highest degree of care to its passengers, she failed to prove, or to introduce testimony tending to prove anything beyond the mere happening of a collision."

On page 523 of the opinion in the Hall case the court says:

"And the evidence in the record before us in the instant case clearly shows that the cause of the collision was not the negligence of the bus driver, but that of another person who created an emergency in which the bus driver acted in the only way possible for an ordinarily prudent person to act."

In each of the foregoing cited cases there was a collision between the vehicle operated by the common carrier and another automobile, and in each instance the court held that the collision was not occasioned by the negligence of the defendant.

While one of the witnesses for the plaintiffs in the instant case testified that the motor bus came into collision with the automobile which failed to make the boulevard stop at Bolivar Road and Prospect Avenue, the claims of plaintiffs are based upon the sudden and violent stop rather than upon a collision.

In **Featherstone v Cleveland Railway Company, 32 Oh Ap 93**, which was decided by the Cuyahoga County Court of Appeals in January, 1929, the following propositions are laid down in the syllabi:

"1. In order to escape liability for injury to passenger, driver of motorbus must have his car under such control and drive at such speed, that he can stop his car, if emergency arises, without causing injury to passengers.

"2. Negligence of driver of motorbus as to injuries sustained by passenger, on driver's sudden application of brakes in order to avoid accident, when pedestrian appeared on street in front of bus, held question for jury under evidence that bus was traveling at rate of 25 miles an hour on congested and narrow city street, which was being constantly crossed by pedestrians and vehicles."

The Featherstone case involved a situation in which the plaintiff as a passenger in a motor bus was thrown to the floor by reason of a sudden and violent jerk which was occasioned by the sudden stopping of the bus in order to avoid striking a pedestrian who attempted to cross Euclid Avenue immediately in front of it. In that case there was evidence that the bus was traveling at the rate of about 25 miles an hour immediately prior to the sudden stop and that the bus driver made the stop in order to avoid striking the pedestrian.

The Court of Appeals held that the Municipal Court of Cleveland erred in directing a verdict for the defendant, and commented upon the fact that the lower court failed to consider the speed at which the bus was being operated.

In this connection the court said:

"Apparently the theory of the court below was that inasmuch as the driver, in order to save a person on the street, applied the brakes thus suddenly he was guilty of no negligence, and therefore that the plaintiff was not entitled to recover. There is one thing, however, that the court left out of his consideration, and that was the speed of the bus."

So far as the Court's search has disclosed, this is the only case in Ohio in which a reviewing court passed upon the question here under consideration. A somewhat similar situation was presented in the case of Oliver v Yellow Cab

Company, 98 Federal, 2nd, 192, second paragraph of the syllabus reading as follows:

"A taxicab driver, proceeding along the street between solid lines of parked automobiles, two of which were parked double near passenger's destination, at such speed as to require fifteen feet to stop cab violently when one of double parked automobiles suddenly moved in front of cab, was guilty of negligence rendering the taxicab company liable for resulting injuries to passenger."

The principle upon which this case is decided is announced in paragraph 3 of the syllabi which reads:

"While taxicab driver had right to expect driver of parked automobile not to move into stream of traffic ahead of taxicab until it could be done safely, he was bound to keep careful watch and proceed at such speed as to have cab under control at all times, so that it could be stopped without violent jolt and resulting injury to passenger."

In Adelsperger v City of Detroit, 248 Mich. 399, the court held that the speed of a motor bus might be found to have a causal relation to plaintiff's injuries where the bus was suddenly stopped to avoid striking an automobile. The third paragraph of the syllabus of this case reads:

"In an action by a bus passenger for personal injuries alleged to have been caused by fall when driver suddenly applied brakes and swerved bus, evidence that the bus was being driven at excessive and unlawful speed in attempt to pass automobile, when latter turned at intersection and driver was compelled to apply brakes to prevent collision, presented case for jury, since excessive speed might be found to have causal relation to plaintiff's injuries."

At pages 401 and 402 of the opinion in the last cited case the court said:

"In the instant case there is evidence of excessive and unlawful speed, which might be found to have important bearing on the suddenness and violence of the stopping and of the swerving of the bus, and hence a causal relation to plaintiff's injuries."

Further cases involving the application of the same principle are collected in a note at 138 A L R p. 230.

Defendant argues with great earnestness that evidence of the speed at which the bus was traveling is not admissible because of the absence of any allegation in the petition of excessive speed as a ground of negligence. The argument thus made is not well taken. It is true that evidence is generally limited to proof of specific acts of negligence which are set forth in the petition, but to suppose that no evidence of other acts of negligence may be proved is contrary to the settled law of this state.

In **Davis v Guarnieri, 45 Oh St page 470,** the Supreme Court laid down the rule as follows:

"The contention of counsel presupposes that no act of negligence can be proved except it be alleged in the petition. This position is untenable. The allegation in a pleading that the party complained against negligently committed the particular act which led to the injury whose redress is sought, furnishes the predicate for the proof of all such incidental facts and circumstances, both of omission and commission, as fully tend to establish the negligence of the primary fact complained of." Page 485.

See also paragraph 4 of the syllabi.

The primary facts complained of in this case were the sudden stopping of the bus and the failure to have it under control. The speed at which the bus was being operated is an incidental fact or circumstance tending to establish either or both of the primary facts complained of.

For the reason hereinabove indicated, I am of the opinion that this Court is precluded from holding as a matter of law that the defendant's conduct was not a contributing proximate cause of plaintiffs' injuries.

Motions for a new trial are granted.