**STATE ex rel HOLLIS, Plaintiff-Appellee, v. SPROAT, Defendant-Appellant.**

Ohio Appeals, Second District, Miami County.

No. 467.   Decided October 22, 1952.

Robert P. Fite, Piqua, for plaintiff-appellee.

Bernard S. Keyt, Piqua, and Leo H. Faust, Troy, for defendant-appellant.

## OPINION

By HORNBECK, PJ:

This is an appeal from a judgment of the Common Pleas Court affirming a judgment of the Municipal Court of Piqua, Ohio, which judgment was entered upon a verdict of a jury finding defendant guilty of bastardy as charged in the complaint against him.

Two errors are assigned. The first is directed to the general charge to the jury and the second to certain remarks of the trial judge during the trial.

The first objection relates to the following language set up in the brief as taken from the general charge of the Court.

"We charge you that you are to determine by your verdict, whether or not the defendant, Vearl Sproat, is the reputed father of the complainant's illegitimate child, which you have seen in this court."

"We charge you that it is proper for the child in question to be exhibited to you, as such exhibition is merely corroborative of the testimony of the complainant."

An examination of the charge in the bill of exceptions discloses that the second paragraph above was deleted from the charge and not read to the jury. We, therefore, test the instruction as set in the first paragraph.

Appellant insists that the observation of the Court and the identification of the child in probability created a sympathetic attitude of the jury toward the plaintiff. It is true, technically, that there was no testimony as to the identity of the child to which the court referred and the reference was unfortunate. However, we find nothing in the bare statement in the charge which can be said to have operated to the prejudice of the appellant. The latter part of the instruction, had it been given to the jury, would present a much more serious question as to the prejudicial effect of the language employed.

The second objection to the charge is to the following language:

"You will treat the testimony which has been given to you by Dr. Wilkins as you treat the testimony given by other witnesses. The fact that Dr. Wilkins has rendered an expert opinion in this case does not bind this jury. You may consider it for what it is worth but you are not bound by it."

Dr. Wilkins had testified that a certain specimen of sperm claimed to have been emitted by the defendant indicated that it was sterile. Vigorous objection was made to the admission of the testimony for the reason that it did not appear definitely that it came from the defendant. The trial judge had concluded his general charge when he said:

"Now, we ask counsel in this case what, if anything, has been omitted from this charge and now we ask and invite them to call the court's attention to any omissions or errors we have made in this charge."

Counsel for the plaintiff then requested the court to charge as to the expert testimony and the language objected to is found in this additional charge. No request was made for any further charge by either of counsel. The court had charged the jury upon the weight of the evidence, the credibility of witnesses and as to its prerogative concerning its right to weigh the testimony. The charge, of course, must be taken as a whole, so doing, we are satisfied that the jury was not misled but must have understood the instruction as defining its right to weigh and evaluate the testimony of the doctor even as it did the testimony of other witnesses.

The second error assigned relates to a statement of the trial judge found at page 109 of the record wherein counsel for plaintiff had moved to strike the testimony of Dr. Wilkins from the record at which time the judge said:

"I said I don't know whether it (the sperm) is or not and I don't want the jury to have a ruse pulled on it, either."

As we have heretofore observed there was considerable altercation between counsel and objections to the acceptance of the line of testimony which was developed through Dr. Wilkins, a clerk at the hospital to whom the specimen was given, the defendant and his wife, who identified the specimen. At one time after plaintiff had objected to the doctor's testimony, counsel for the plaintiff said:

"For the purpose, I have no objection to the fact that some specimen was left at the hospital by Vearl Sproat, but was that same specimen received by the doctor. I don't admit that is the sperm of Vearl Sproat."

Whereupon counsel for the defendant said:

"The doctor knew that sperm was made by Vearl Sproat and I don't think a ruse like that would be pulled on this jury."

The court then said:

"This specimen was delivered to the secretary at the hospital."

In the light of all the subject matter respecting this testimony we are satisfied that all that the trial judge was saying to the jury was that neither he nor counsel wanted the jury to have a ruse pulled on it. His remark that he did not know whether the specimen was that of the plaintiff was not a prejudicial observation.

An examination of the record in this case together with the general charge is convincing that the trial was well conducted both from the standpoint of counsel and the trial judge. The charge is exceptionally clear and complete. We must test the record in the light of the provisions of 13449-5

GC, among which appears the inhibition against the reversal of a conviction,

"for any cause whatsoever unless it affirmatively appears from the record that the accused was prejudiced thereby or was prejudiced from having a fair trial."

We cannot so hold and are of opinion that the Common Pleas Court committed no prejudicial error in affirming the judgment of the Municipal Court.

Judgment affirmed.

WISEMAN and MILLER, JJ, concur.