GANNON, Plaintiff-Appellee, v. COLUMBUS (City), Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 5320    Decided February 10, 1956.

Russ Bothwell, Curtis H. Porter, Knepper, White, Richards, Miller & Roberts, Dale F. Miller, of Counsel, Columbus, for plaintiff-appellee.

Chalmers P. Wylie, City Atty., John W. E. Bowen, Asst. City Atty., Columbus, for defendant-appellant.

(CONN, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By CONN, J.

This action was originally begun in the Common Pleas Court, on October 16, 1951. It is an action to recover damages for certain personal injuries alleged to have been sustained by plaintiff when she fell into a hole, located in the parkway between the sidewalk and the paved portion of Kerr Street, in the City of Columbus, about 25 feet south of the intersection of Kerr Street and Warren Street.

In the amended petition, plaintiff alleges she sustained personal injuries as the proximate result of defendant's permitting said nuisance to exist after notice thereof.

On the first trial, the jury returned a verdict for defendant. A new trial was granted by the trial court. On the second trial, the jury returned a verdict for plaintiff and assessed her damages at $3000.00. Judgment was entered on the verdict. The trial court overruled defend-

ant's motion to vacate and set aside the verdict and judgment. Thereupon defendant appealed to this Court on questions of law.

Defendant assigns as errors of the trial court:

1. That the verdict and judgment are against the "great weight" of the evidence and contrary to law.

2. Other errors on the face of the record, and also error in overruling defendant's motion for new trial.

Plaintiff testified that on the night of August 2, 1951, at about 9:00 P. M., she had been riding with her husband in an automobile, which had stopped at the curb on Kerr Street so that plaintiff could alight therefrom, and that, in doing so, she opened the door and stepped in a hole near or adjacent to said curb and sustained an injury to her ankle; that she was taken to the hospital for X-ray examination and treatment, and thereupon returned to her home, where she continued to receive medical treatment.

Plaintiff further testified that she suffered pain and some physical incapacity during all the time following her injury to the time of the second trial.

The medical testimony tended to show that plaintiff sustained a serious injury and that in some measure her physical incapacity would be permanent.

The evidence received at the trial was in conflict as to the dimensions of the hole and also as to the length of time it had existed. The testimony on the latter issue, covered different periods of time, extending from a few weeks to several months. However, a special interrogatory was submitted to it by defendant, as follows:

"Do you find that the defect existed for a sufficient length of time to have come to the city's attention?"

And in response to which, the jury unanimously answered "Yes."

It is the conclusion of the Court that there is evidence of probative value, disclosed on the record, tending substantially to support plaintiff's right to recover damages on the issues joined and that, as the character of the evidence is such that reasonable minds may arrive at different conclusions, it follows that the verdict and judgment are not against the manifest weight of the evidence; and that defendant's assignment of error No. 1 should not be sustained.

Under the assignment of other errors on the face of the record, defendant claims that the trial court erred, to the prejudice of defendant, in its general charge to the jury, on the issue of notice.

The Court charged the jury that the City must have notice of any defect and that notice may be "either actual or constructive." Immediately following, the Court said to the jury that when a complaint is called in and made to a proper authority of the City,

"* * * that is actual notice, of course, to be followed up by making needed repairs or remedying whatever the defect is,—but that isn't the full duty of the City. This is a mandatory duty of the City to keep the streets in repair and free from nuisance and the City can't sit idly by and wait until somebody makes a complaint, then go out and do something. * * *."

Defendant contends that the foregoing comment, "You can't sit idly

188

by and wait until somebody makes a complaint, then go out and do something," was prejudicial to the defendant. It is the opinion of the Court that, when the above comment is examined in relation to its setting and not taken out of context, the language used by the Court in nowise could be considered prejudicial. Moreover, taking the Court's charge by the four corners, it appears to be a fair and complete charge on all the issues joined in the case. See **Centrello v. Basky et al, 164 Oh St 41.**

From what we have said, it follows that defendant's motion for a new trial was properly overruled by the trial court.

Judgment of the Common Pleas Court affirmed and cause remanded thereto for execution.

MILLER, PJ, HORNBECK, J, concur.