CRAWFORD, APPELLANT, *v.* BOHANNON, APPELLEE.

(No. 2511—Decided May 22, 1959.)

Mr. James P. Jones, for appellant.
Messrs. Pickrel, Schaeffer & Ebeling and Messrs. Curtner, Brenton & Selva, for appellee.

KERNS, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Montgomery County, Ohio.

The action arose by reason of an accident in which two ponies owned by plaintiff, appellant herein, escaped from their enclosure during the night and were struck by an automobile driven by defendant, appellee herein. One of the ponies was killed and the other had to be destroyed because of injuries sustained in the collision.

Upon trial of the matter, the jury returned a verdict for the defendant; judgment was entered accordingly; and a motion for new trial was overruled.

For his first assignment of error, plaintiff claims that the trial court erred as a matter of law in sustaining objections of defense counsel to testimony concerning whether defendant had his headlights burning prior to the collision with the ponies. At

the outset, we notice that the pleadings do not charge the negligence upon which plaintiff attempted to offer testimony, and the authority of the trial court to exclude testimony under such circumstances was recognized by this court in the case of *Cundari* v. *Boomershine*, 22 Ohio Law Abs., 16, and the case of *Noie* v. *Johnson*, 32 Ohio Law Abs., 296, where the fourth paragraph of the headnotes reads as follows:

"In negligence actions the plaintiff must set out in his petition the particulars in which he claims the defendant was guilty of negligence, and in the trial of his case he is limited to such specifications in presenting his evidence."

See, also, 29 Ohio Jurisprudence, 605, Section 134.

For his second assignment of error, plaintiff states that "the court erred as a matter of law and to the prejudice of plaintiff-appellant in overruling the motion of plaintiff-appellant to amend his petition to include as a specification of negligence that defendant-appellee was operating his automobile to the left of the center of the highway at and prior to the collision; and the court refused to charge relative to defendant-appellee operating his automobile to the left of the center of the highway, to the prejudice of plaintiff-appellant."

Motions for leave to amend are addressed to the sound discretion of the court, and their refusal will not be held erroneous unless it is affirmatively shown that the discretion was abused. *Clark* v. *Clark*, 20 Ohio St., 128. See, also, *Moherman* v. *Nickels*, 140 Ohio St., 450, 465, 45 N. E. (2d), 405, 143 A. L. R., 1174; *Flynn* v. *Sharon Steel Corp.*, 142 Ohio St., 145, 159, 50 N. E. (2d), 319; 31 Ohio Jurisprudence, 927, Section 330.

The contention of plaintiff that his amendment should have been allowed to conform the pleadings to the proof is not supported by the record.

On direct examination, the defendant testified specifically, "I was driving on the right-hand side of the road."

On cross-examination, in response to a question by counsel for the plaintiff, defendant answered, "I was on the right-hand side of the road."

In reply to a question by the court, defendant testified, "No, I said I was driving on the right-hand side and when I saw the ponies I went to the left to avoid them."

At other times during the trial, defendant offered unrefuted testimony to the same effect.

The allowance of amendments every time that some possibility of negligence arises during the course of the trial could only lead to unlimited speculation and confusion.

We find no abuse of discretion on the part of the trial court in refusing the amendment sought by plaintiff in this case.

Concerning the third assignment of error, the petition alleges that the accident occurred in Montgomery County, Ohio. There is nothing elsewhere in the pleadings or in the evidence to indicate that the accident occurred in a posted area or in a municipal corporation. The court's charge relative to prima facie lawful speed was therefore correct. (Section 4511.21, Revised Code.)

It is also claimed that the trial court committed error in instructing the jury that "* * * said speed might be lawful because under all circumstances his speed was not dangerous or not excessive, having due regard to the traffic, surface and width of the highway, and any other conditions existing at said time and place."

True, that statement alone might be subject to misinterpretation. However, the doubtful implications of that statement may be resolved by placing it in proper setting with the rest of the general charge. The court's charge must be considered in its entirety, and we do not believe that the jury was misled thereby.

The plaintiff has also called attention to the fact that the court instructed the jury that "it is for you to determine, no matter what you find the evidence to show, whether or not the rate of speed the defendant was driving his automobile at said time and place was or was not a reasonable rate of speed * * *."

The language, "no matter what you find the evidence to show," could not prejudice the party seeking reversal in the instant case because the undisputed evidence discloses that defendant was driving at a lawful rate of speed. The defendant could therefore reap no benefits if the jury was inclined to go beyond the evidence.

We have again examined the charge of the court in its entirety and cannot agree that the jury was misled or confused

thereby, and even if we were to adopt the contentions of plaintiff concerning specific excerpts from the charge, it does not follow that prejudicial error resulted. See *Centrello, a Minor,* v. *Basky,* 164 Ohio St., 41, 128 N. E. (2d), 80, and *Gannon* v. *City of Columbus,* 74 Ohio Law Abs., 186, 139 N. E. (2d), 457.

For the fourth assignment of error, plaintiff claims that counsel for the defendant should not have been permitted to cross-examine the plaintiff relative to abandoned pleadings. This assignment must be considered in view of the generally recognized rule that the extent or limitation of cross-examination rests in the sound discretion of the trial court, subject only to review where that discretion has been abused. 42 Ohio Jurisprudence, 335, Section 333.

Adverting to the particular question raised, we recognize that an abandoned or superseded pleading no longer functions as such; the issues are to be found in the amended pleading. However, in the trial of the case, a party cannot escape completely from the content of abandoned pleadings. *Peckham Iron Co.* v. *Harper,* 41 Ohio St., 100; *Byrum* v. *The Red Star Transit Co.,* 81 Ohio App., 495, 80 N. E. (2d), 616.

In this case, the plaintiff verified each pleading and is chargeable with knowledge of any inconsistencies therein. The record does not support the contention that this area of cross-examination was unreasonably extended, and we find no abuse of discretion on the part of the trial court in overruling objections to the testimony concerning such pleadings.

In the fifth assignment of error, plaintiff avers that there was irregularity in the proceedings of the trial court by which he was prevented from having a fair trial. In support of this assignment, plaintiff has taken a number of remarks of the trial judge and opposing counsel from the record, from which it is claimed that the jury was prejudiced against him. The competitive nature of any trial usually gives way to some informal statements which might well have been omitted. However, remarks made during the course of a trial concerning certain testimony must be considered in the light of all the subject matter respecting such testimony in determining whether such remarks were prejudicial. *State, ex rel. Hollis,* v. *Sproat,* 70 Ohio Law Abs., 274, 128 N. E. (2d), 235.

After a careful examination of the record before us, we do not agree that the comments complained of denied the plaintiff a fair trial or materially affected the outcome of this case.

The sixth assignment of error is based on the claim that the court, in its charge, unduly emphasized the law relating to the burden of proof being on the plaintiff to prove his case by a preponderance of the evidence.

Plaintiff does not contend that the charge of the court was erroneous, but rather that the repetition by the trial court of the degree of proof required unfairly emphasized defendant's case.

It is not every repetition of a legal proposition that results in prejudicial error. We note from the record that the court referred to the degree of proof required by plaintiff six different times. These references were interspersed in a charge which covers almost 15 pages of the bill of exceptions and were used at least four times relative to the explanation of some other rule of law applicable to the case. The record also discloses that the claim of unfair repetition is somewhat counterbalanced by the fact that the court reminded the jury at least four times that the burden of establishing contributory negligence rests upon the defendant.

Surely it is advisable not to repeat legal propositions in the charge. 4 Ohio Jurisprudence (2d), 279, Section 997. However, the nature of the case sometimes makes it almost impossible for the trial court to charge a jury without repeating some part of the charge, and we do not find that the repetition in the charge in this case was prejudicial.

As stated by this court in the case of *Eaton* v. *Askins*, 95 Ohio App., 131, 118 N. E. (2d), 203, "to justify a reversal of a judgment of a trial court, on the ground of a claimed erroneous charge to the jury, it is not sufficient to show that it was possible that the jury may have been misled thereby, but rather that the jury was probably misled in a matter materially affecting the complaining party's substantive rights."

Since we find no error in the record prejudicial to the rights of the plaintiff, the judgment is affirmed.

*Judgment affirmed.*

Wiseman, P. J., and Crawford, J., concur.

(Decided September 16, 1959.)

ON APPLICATION for rehearing.

*Per Curiam.* The instant case is now before the court on an application for rehearing filed by plaintiff, appellant herein.

We have again examined the bill of exceptions with reference to the assigned error and find no reason to change our conclusion.

The authority cited in the application was considered in the rendition of the original opinion, and the application for rehearing will, therefore, be overruled.

*Application denied.*

WISEMAN, P. J., CRAWFORD and KERNS, JJ., concur.