THE KROGER COMPANY, APPELLEE, *v.* McCARTY, APPELLANT.

(No. 138—Decided February 25, 1960.)

Messrs. Holzfaster, Hoefling & Cecil, for appellee.

Mr. Walter Early and Messrs. Curtner, Brenton & Selva, for appellant.

WISEMAN, P. J.  This is an appeal on questions of law from the judgment of the Common Pleas Court of Preble County, entered on a verdict returned in favor of the plaintiff.

The action grew out of a collision between a tractor-trailer, owned and operated by the plaintiff, The Kroger Company, and a Pontiac automobile, owned and operated by the defendant, Herbert McCarty, at about 2:30 a. m. on August 9, 1956, on U. S. route No. 127, about four miles south of Eaton in Preble County, Ohio.

In its amended petition plaintiff alleges that its tractor-trailer was being driven in a northerly direction; that the defendant was driving his Pontiac automobile in a southerly direction; and that the defendant drove his automobile to the east, or left, of the center line of the highway and struck the tractor-trailer with great force, causing damage.

The defendant, in his answer, after admitting that there was a collision between the two vehicles, causing damage, pleaded a general denial.  The defendant filed a cross-petition, in which he alleged that he was driving his Pontiac in a southerly direction on the west side of the highway and that the driver of the tractor-trailer drove partly onto the west side of the highway and collided with the automobile of the defendant, causing him personal injuries.  To the cross-petition plaintiff filed a general denial.

The principal fact at issue is whether the plaintiff or the defendant was negligent in crossing the center line of the highway and in operating the vehicle on the wrong side of the highway.

The evidence presented in support of the plaintiff's contention tended to prove that the plaintiff was operating the tractor-trailer at a speed of approximately 35 miles per hour; that the driver of the tractor-trailer observed the defendant swerving to the left side of the highway and then to the right

side at a considerable distance north of the place of the collision; that the defendant swerved his automobile in this manner several times; that as the defendant approached closer to the point of impact the driver of the tractor-trailer blinked his lights and blew his horn; that when the defendant was about 40 feet away he was on the wrong side of the highway and at this point the driver of the tractor-trailer turned his tractor to the right onto the berm and applied his brakes to avoid a collision; that, the defendant missed the front of the tractor but struck the left rear dual wheels of the tractor; that the driver of the tractor-trailer was thrown against the windshield and lost control of the tractor-trailer which swerved to the left, crossed the highway, and turned over. The driver of the tractor-trailer estimated the speed of the defendant's automobile at 70 miles per hour.

The evidence presented in support of the defendant's contention tended to prove that he was operating his Pontiac on the west side of the highway at a rate of speed between 45 and 50 miles per hour; that as the two vehicles came close the tractor turned to the left and crossed the center line of the highway immediately before the collision.

The highway consisted of one northbound and one southbound lane. The weather was clear and the road was dry.

There was evidence that a gouge on the pavement, caused by the Pontiac after the collision, started about four feet east of the center line of the highway and extended across the west side of the highway to where the Pontiac came to a stop. Also, the skid marks of the tractor-trailer were on the east side of the center line of the highway. There was evidence presented indicating that the right wheels of the tractor-trailer were on the berm on the east side of the highway at the point of impact.

There was a definite conflict in the evidence as to the speed of the defendant's automobile, as to whether it swerved to the east side of the highway as it approached the point of impact, and as to which of the vehicles was being operated on the wrong side of the highway at the time of the collision. The jury was required to determine the credibility of the witnesses and to resolve the factual issues. These issues were resolved in favor of the plaintiff.

The defendant, appellant herein, assigns as error: The verdict and judgment were against the weight of the evidence; admission of evidence as to speed of defendant's automobile; refusing to admit in evidence mortality tables offered by the defendant; and error in the general charge.

- The defendant contends that the physical facts completely refute the oral testimony presented by the plaintiff with respect to the manner in which the two vehicles were being driven immediately before the collision. We do not agree. After an examination of the entire record we cannot conclude that the verdict of the jury was against the manifest weight of the evidence.

The defendant claims the court erred in the admission of testimony over defendant's objection relative to the speed of defendant's automobile. The sole act of negligence charged in the amended petition is that the "defendant drove his automobile to the left or east of the center line of the highway." The defendant contends that the speed of the defendant's automobile was not an issue in the case, and that plaintiff is restricted to the submission of evidence on the specific allegations of negligence contained in the amended petition, citing *O'Leary* v. *Pennsylvania Rd. Co.*, 70 Ohio Law Abs., 133, 127 N. E. (2d), 877, where this court, on page 139, held:

"It is the rule in Ohio that where a plaintiff sets forth specific allegations of negligence he can only submit evidence and recover under the negligence charged in those specific allegations. 29 Ohio Jurisprudence, 608; *Winzeler* v. *Knox*, 109 Ohio St., 503; *Railroad* v. *Lockwood*, 72 Ohio St., 586."

A motion to certify the record in that case was overruled by the Supreme Court on October 7, 1953. The general rule stated in the cited case is well supported by the Ohio authorities. See *New York, Chicago & St. Louis Rd. Co.* v. *Kistler*, 66 Ohio St., 326, 333, 64 N. E., 130; *Noie* v. *Johnson*, 32 Ohio Law Abs., 296, 298; *Cundari* v. *Boomershine*, 22 Ohio Law Abs., 16, 18; *Jones* v. *Coombs*, 19 Ohio Law Abs., 27, 32.

The plaintiff contends that the above rule should not be rigidly applied, and that there is authority in Ohio to the effect that where there is a direct connection between the fact offered as evidence and the issuable fact, and where proof of the

former tends to make the latter more probable or improbable, testimony as to the former is relevant and not too remote, and this is especially true where there is a direct conflict in the testimony, citing 21 Ohio Jurisprudence (2d), 196, Section 183. It has been held that incidental facts are admissible, although not alleged. In 39 Ohio Jurisprudence (2d), 762, Section 163, the text is as follows:

"* * * In such an action, if the petition contains a general allegation of negligence, and further proceeds to specify particular acts and conduct amounting to negligence, the court will only regard those specific allegations, and will not permit the pleader to prove other acts of negligence under the general allegation of negligence. This does not mean, however, that evidence of incidental facts and circumstances in support of the proof of the primary negligence complained of is inadmissible. The allegation in a pleading that the party complained against negligently committed the particular act which led to the injury whose redress is sought furnishes the predicate for the proof of all such incidental facts and circumstances, both of omission and commission, as fully tend to establish negligence in the primary fact complained of. * * *"

In support of the above text the author cites two cases: *Davis* v. *Guarnieri*, 45 Ohio St., 470, 15 N. E., 350, 4 Am. St. Rep., 548, and *Fitzgerald* v. *Cleveland* (Common Pleas Court), 46 Ohio Law Abs., 321, 68 N. E. (2d), 568. In the *Davis case*, where the defendant, a druggist, was charged with negligently furnishing a poisonous drug to the wife of the plaintiff and it was sought to introduce evidence that the drug was not labeled "poison," as required by statute, which fact was not alleged, the court ruled the evidence admissible, and on page 485 said:

"The contention of counsel presupposes that no act of negligence can be proved except it be alleged in the petition. This position is untenable. The allegation in a pleading that the party complained against negligently committed the particular act which led to the injury whose redress is sought, furnishes the predicate for the proof of all such incidental facts and circumstances both of omission and commission as fairly tend to establish the negligence of the primary fact complained of."

In the *Fitzgerald case*, where the defendant was charged

with negligence in the sudden stopping of a bus and the failure to have it under control, it was held that the speed at which the bus was being operated is an incidental fact tending to establish either or both of the primary facts complained of, and such evidence was admissible, although excessive speed of the bus was not alleged as an act of negligence. In the *Fitzgerald case*, the court rested its ruling on the *Davis case*. It will be observed that in the *Fitzgerald case* the charges of negligence were the jerking of the bus and bringing it to a sudden stop and the failure to have it under control. Certainly, the question of speed was directly related to those charges of negligence, and excessive speed, if shown, would tend to prove the specific charges of negligence alleged. In the *Davis case*, the fact that the drug was not labeled "poison" would tend to support the charge that the druggist was negligent in furnishing a poison rather than the harmless medicine which was ordered, and that his negligent act caused the death of the user. In the instant case, we fail to see the direct connection between the speed of defendant's automobile and the specification of negligence alleged.

In the case at bar, the plaintiff first alleged the facts as follows: "The defendant drove his automobile to the east or left of the center line and struck the tractor-trailer of the plaintiff with great force and violence." This allegation as to the facts would have been a sufficient compliance with the requirements of good pleading. However, the plaintiff then alleged:

"Plaintiff says that the defendant was negligent in a manner directly and proximately contributing to the collision in the following respect to-wit:

"1. Defendant drove his automobile to the left or east of the center line."

This latter allegation indicates a purpose of the plaintiff to rely solely on this one charge of negligence. The rule which excludes evidence relative to acts of negligence not alleged is more rigidly applied where the pleader sets out in his pleading certain enumerated specifications of negligence, and is not satisfied with general allegations of negligence. See 38 American Jurisprudence, 1029, Section 331. Having admitted evidence as to speed, the jury may have concluded that speed was an is-

sue in the case; that such evidence was admitted not as an incidental fact, but in support of a primary issue.

Evidence of speed was not admissible as a primary issue to determine liability. However, speed of defendant's automobile is directly related to the question of damage; whether the force of the impact was such as to cause the damage for which plaintiff sought recovery. Evidence of speed of defendant's automobile was admissible for a limited purpose and the court should have so ruled at the time the evidence was admitted and should have instructed the jury to that effect. A similar question arose in the case of *Centofanti* v. *Youngstown Municipal Ry. Co.*, 157 Ohio St., 396, 105 N. E. (2d), 633, where speed was not alleged as an act of negligence, and where the trial court refused a request to charge the jury that it may consider speed of the defendant's bus in determining the negligence of the driver of the bus. The Court of Appeals held that the trial court committed prejudicial error. It appears that one of the grounds for reversal was error of the trial court in instructing the jury to disregard such evidence. The Supreme Court reversed the judgment of the Court of Appeals and in their opinion the court, on page 401, said:

"It is true that the way the bus was being operated and all other circumstances should be considered in determining whether the operator of the bus was negligent, and the court charged to that effect when it said:

" 'Now, whether or not the defendant was negligent as respects any one of those three specifications is an issue of fact for the jury, applying the law, as I have just given it to you, to *all* the evidence in the case, and determining whether or not the defendant was negligent as respects any one or more of those specifications.' (Italics ours.)

"The court, therefore, left the question of the speed of the bus to the jury in connection with the specifications of negligence in plaintiff's amended petition, and when it stopped plaintiff's attorney in his final argument it simply ruled against him as to arguing that the bus driver was driving at a negligent rate of speed, not as to the speed of the bus in connection with specifications of negligence in the amended petition. When the court gave one of defendant's special charges it said to the jury that

there was no claim by the plaintiff that the bus was being operated at an *illegal* rate of speed and it, therefore, must not consider that as a ground of negligence. The court did not say that the jury was not to consider the speed in reference to the specifications of negligence in the amended petition, for, as we have said, the court told the jury to consider all the evidence in reference to such specifications.

"When plaintiff asked the court, at the conclusion of the general charge, to have taken into consideration the speed of the bus at the time it stopped in determining the negligence of the driver, the court asked plaintiff's attorney as regards what specifications, and plaintiff's attorney responded, 'Just the general specification of negligence.'

"There is no specification of negligence with reference to speed, and no amendment of the amended petition to conform to the evidence was asked at any time. It seems to us, therefore, that the court's actions with reference to the speed proposition were not erroneous."

In the case at bar, the evidence as to the speed of defendant's automobile was admitted generally. No attempt was made to amend the pleadings to conform to the evidence. The court did not instruct the jury that such evidence was admitted for a limited purpose, and that it was not a ground of negligence on which the question of liability rested. Had the court done so, the case would have come under the rule laid down in the *Centofanti case.* The admission of evidence as to speed of defendant's automobile without restricting it to a limited purpose was prejudicial and constituted reversible error.

Defendant claims that the court erred in refusing to admit into evidence the mortality tables offered by the defendant. Conceding, without deciding, that this evidence was admissible, we fail to see how the defendant was prejudiced, inasmuch as the jury determined the factual issues respecting negligence adversely to the defendant. The error, if any, does not constitute reversible error.

The defendant claims the court erred in its general charge. The court charged:

"If after a consideration of all the evidence, whether offered by the plaintiff or defendant, you find by a preponderance

of the evidence that the defendant was negligent and you fail to find by a preponderance of the evidence that the plaintiff's driver was negligent or that such negligence, if any, was not a proximate cause, your verdict will be in favor of the plaintiff on the cross-petition of the defendant and on the amended petition of the plaintiff and turn your attention to the matter of damages to the plaintiff's equipment.''

This charge is improper and prejudicial for the reason that the court did not confine a finding of negligence against the defendant to negligence which was the proximate cause. Under this charge, if the jury found the defendant was negligent in any respect, whether charged in the pleadings or not, and whether such negligence was the proximate cause or not, a verdict for the plaintiff should be rendered.

The court charged further:

''However, if you, after a consideration of all the evidence, you find by a preponderance of the evidence that the plaintiff's driver was negligent and such negligence was a proximate cause of the collision but you fail to find by a preponderance of the evidence that the defendant was negligent you will turn your attention to the matter of damages suffered by the defendant.''

This charge is improper in that it limits the defendant's right of recovery on his cross-petition to a finding that the defendant was not negligent. The charge would require the defendant to show he was not negligent in any respect in order to recover, whereas the defendant's negligence should not defeat recovery unless such negligence contributed to the proximate cause.

The court also charged:

''However, if after a consideration of all the evidence, you find by a preponderance of the evidence that the plaintiff was negligent and that such negligence was a proximate cause of the collision and resulting damages and you fail to find the defendant negligent by a preponderance of the evidence, you will use the form entitled—Verdict for defendant * * *.''

This is an incorrect statement of the law. Under this charge the defendant would not be entitled to recover unless the jury failed to find the defendant negligent, whether or not such negligence contributed to the proximate cause.

Again, the court charged:

"However, if after a consideration of all the evidence you find, by a preponderance of the evidence that both the plaintiff and defendant were negligent or that neither of them was negligent, you will use the following form of verdict, entitled—Verdict finding no damages for either party—which reads as follows: * * *."

This charge is obviously an incorrect statement of the law. The negligent acts are not limited to the pleadings, and it does not require the jury to consider whether any negligence, if any, was the proximate cause.

All these charges were incorrect statements of the law and prejudicial to the defendant and constitute reversible error.

True, at other places in the charge the court charged correctly, but where the court gives a correct and an incorrect charge with respect to the same subject matter, there is no presumption that the jury followed the correct charge and the error will be deemed prejudicial. *Westropp* v. *E. W. Scripps Co.*, 148 Ohio St., 365, 74 N. E. (2d), 340; *Bosjnak* v. *Superior Sheet Steel Co.*, 145 Ohio St., 538, 62 N. E. (2d), 305; *Industrial Commission* v. *Ripke*, 129 Ohio St., 649, 196 N. E., 640; *Palmer* v. *Roof*, 84 Ohio App., 120, 82 N. E. (2d), 748; 4 Ohio Jurisprudence (2d), 280, Section 998.

We find no error in the charge in any other respect as claimed by the defendant.

For errors in the record prejudicial to the rights of the defendant the judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

CRAWFORD and KERNS, JJ., concur.